**JACOBS, DEBRAUWERE & DEHN LLP**
Attorneys for Defendants Jungle Interactive Media, Inc.
and Jon Housman
445 Park Avenue, 17th Floor
New York, New York  10022
(212) 207-8787

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL WILD, | : | |
| | : | |
| Plaintiff, | : | Civ. A. No. 02-CV-5123-WY |
| | : | |
| - against - | : | |
| | : | |
| JUNGLE MEDIA GROUP and JON J. HOUSMAN, | : | |
| | : | |
| Defendants. | : | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS JUNGLE INTERACTIVE MEDIA, INC. AND JON HOUSMAN TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(b)(6) OR, IF THE COMPLAINT IS NOT DISMISSED, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404(a)**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................................ii

I. PLAINTIFF CANNOT ESCAPE FROM THE ADMISSIONS AND UNDISPUTED DOCUMENTS IN HIS OWN PLEADINGS.......1

II. NEW YORK LAW IS THE "GOVERNING LAW" UNDER THE PARTIES' AGREEMENTS.......3

III. COUNT II AGAINST INDIVIDUAL DEFENDANT JON HOUSMAN MUST BE DISMISSED.......5

IV. BECAUSE RESOLUTION OF PLAINTIFF'S CLAIMS RELATES TO INTERPRETATION OF THE AGREEMENTS, UNLESS THIS ACTION IS DISMISSED, THE PARTIES' FORUM SELECTION CLAUSE REQUIRES THAT THIS ACTION BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK .......5

V. CONCLUSION................................................................................................................7

**TABLE OF AUTHORITIES**

*A.F.C. Enterprises v. NYCSCA*, No. 98CV4534 (CS), 2001 WL 1335010 (E.D.N.Y. Sept. 6, 2001) ................................................................................................................................. 3

*CAT Internet Services, Inc. v. Magazines.com, Inc.*, 2001 WL 8858 (E.D. Pa. Jan. 26, 2001) ..... 3

*Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.,* 709 F.2d 190 (3d Cir.), *cert. denied*, 464 U.S. 938 (1983) .................................................................................................................. 5

*Corestates Bank, N.A. v. Signet Bank*, No. Civ. A. 96-3199 (WY), 1996 WL 482909 (E.D. Pa. Aug. 26, 1996) .................................................................................................................... 3

*Crescent Int'l, Inc. v. Avatar Communities, Inc.*, 857 F.2d 943 (3d Cir. 1988) ............................ 5

*Giordano v. Witzer*, 558 F. Supp. 1261 (E.D. Pa. 1983) ............................................................... 5

*John Wyeth & Brother Ltd. v. Cigna Int'l Corp.*, 119 F.3d 1070 (3d Cir. 1997) ...................... 5, 6

*Lama Holding Co. v. Smith Barney Inc.,* 88 N.Y.2d 413, 668 N.E.2d 1370, 646 N.Y.S.2d 76 (1996) .................................................................................................................................. 3

*Pennpac Int'l, Inc. v. Rotonics Mfg., Inc.*, No. Civ. A. 99-2890 (WY), 2001 WL 569264 (E.D. Pa. May 25, 2001) ............................................................................................................... 3

*Sunshine Cellular v. Vanguard Cellular Systems, Inc.*, 810 F. Supp. 486 (S.D.N.Y. 1998) ......... 3

*VERSAR, Inc. v. Ball*, No. Civ. A. 01-1302, 2001 WL 818354 (E.D. Pa. July 12, 2001) ............. 5

I. **PLAINTIFF CANNOT ESCAPE FROM THE ADMISSIONS AND UNDISPUTED DOCUMENTS IN HIS OWN PLEADINGS.**

Plaintiff's attempt to escape from his own pleadings and the documents he has attached to his Complaint is of a piece with his attempt to escape from the restrictions on republication without consent in his freelance agreements with Jungle Interactive Media. Although the Complaint nowhere alleges that defendants were motivated by ill will toward plaintiff, much less that they were motivated **solely** by ill will toward plaintiff, or that they employed "wrongful means," plaintiff now contends that the Complaint nonetheless should be construed as contending that defendants "acted with the sole purpose of harming Plaintiff" and employed such "wrongful means" (Plaintiff's Memorandum of Law, pp. 6, 7, 13). Although the Complaint is replete with allegations that defendants were motivated by their own economic interests – see, for example, the paragraphs and attachments quoted at Defendants' Memorandum of Law, pp. 11-12, Complaint, ¶¶ 21, 25, 28, 59, Ex. H, I, as well as plaintiff's allegations that defendants "intended to induce McGraw-Hill … to enter into a contract with defendant, Jungle Interactive Media," Complaint, ¶¶ 45, 57 – plaintiff now asserts that he "does not acknowledge anywhere in his complaint that Defendant, Jungle Interactive Media had any intent to promote its own economic interests" (Plaintiff's Mem., p. 13)!

Plaintiff's makeover of his pleadings[1] is based on another run-through of his tortured account of the meaning of Paragraphs 4.1 and 5.1 of his agreements. Plaintiff now contends that defendants must have been motivated solely by malice toward plaintiff and not by economic interest because defendants' positions were untenable and defendants knew or must have known that they were

---

[1] After repeatedly railing against defendants' greed in his Complaint (and now in his Memorandum of Law), plaintiff is shocked, shocked that defendants have pointed out that the Complaint accuses them of promoting their own economic interests at plaintiff's expense. Plaintiff's cavalier approach to his own pleadings is also reflected in his stubborn insistence that the agreements should be construed against defendants because they were its "scriveners" [sic] (Plaintiff's Mem., p. 12). Given plaintiff's admission that the "specific wording" of Paragraph 5.1 "was negotiated by the parties," Complaint, ¶ 10, *see also id.* ¶¶ 11, 16, the agreement should be viewed as the product of an arm's-length negotiation and no such construction is appropriate.

untenable.² To the extent plaintiff effectively concedes that his opposition to this motion rests on showing that defendants put forward an unreasonable and frivolous interpretation of the agreements, he is correct.

However, for the reasons set forth in Defendants' Memorandum of Law (at pp. 6-10), which are unnecessary to repeat here, the interpretation that plaintiff dismisses as "strange" and lacking "legitimacy" is reasonable and straightforward, although even on the basis of plaintiff's ellipsized and syntactically garbled version of the agreements, Jungle Interactive Media's "prior written permission" was required before plaintiff could contract with McGraw-Hill to republish the "B-School" articles he wrote for *MBA Jungle*. Defendants' motion should be granted if this Court agrees with defendants that, on the basis of the Complaint and the documents incorporated therein, defendants' positions in their communications with both plaintiff and McGraw-Hill were based on a reasonable, nonfrivolous understanding of the contractual provisions that concern Jungle Interactive Media's republication rights and on the company's economic interest in controlling such republication and in proceeds from such republication pursuant to those provisions. It is not necessary that this Court conclude that defendants' interpretation of these agreements is correct (although it manifestly is), but merely that it is not unreasonable and frivolous. Given plaintiff's admissions in his Complaint and the undisputed documents at issue, no discovery is necessary to reach this result. Moreover, insofar as dismissal of this action will properly be based on plaintiff's admissions and on undisputed documents and not merely on his pleading errors, plaintiff's offhand

---

² Thus, plaintiff contends that defendants put forward a "strange interpretation" that would "effectively preclude Plaintiff from ever republishing his articles without Defendant, Jungle Interactive Media's prior written permission," that defendants "knew and should have known from the plain language" of Paragraph 5.1 that "on its face, [it] did not preclude Plaintiff's deal with McGraw Hill," and that defendants' contractual interpretations lacked "legitimacy" and were offered "in bad faith" (Plaintiff's Mem., pp. 10 n. 2, 12, 13).

2

request (at Plaintiff's Mem., p. 12 n. 3) for leave to file an amended complaint should be denied.[3]

## II. NEW YORK LAW IS THE "GOVERNING LAW" UNDER THE PARTIES' AGREEMENTS.

Plaintiff maintains that Pennsylvania law and not New York law applies in this action, distinguishing this Court's holding concerning the identical "Governing Law" language in *Corestates Bank, N.A. v. Signet Bank*, No. Civ. A. 96-3199 (WY), 1996 WL 482909, *5 n. 3 (E.D. Pa. Aug. 26, 1996), on the ground that defendants herein supposedly point to the agreements between plaintiff and Jungle Interactive Media as a "defense." Plaintiff is, once again, mistaken on the pleading requirements for a claim of tortious interference with prospective contractual relations. The burden is on plaintiff to plead "the absence of a privilege or a justification" on the part of defendants, and the same holds true under New York law insofar as New York's "malice requirement" and Pennsylvania's "no privilege requirement" are "functionally equivalent." *Pennpac Int'l, Inc. v. Rotonics Mfg., Inc.*, No. Civ. A. 99-2890 (WY), 2001 WL 569264, *13 (E.D. Pa. May 25, 2001); *CAT Internet Services, Inc. v. Magazines.com, Inc.*, 2001 WL 8858, *4 (E.D. Pa. Jan. 26, 2001); *Sunshine Cellular v. Vanguard Cellular Systems, Inc.*, 810 F. Supp. 486, 499 (S.D.N.Y. 1998).[4] Accordingly, plaintiff is required to demonstrate, as part of his case in chief, that defendants

---

[3]  Plaintiff insists that the affidavits submitted by defendants in support of their motion require this Court to treat this motion as one for summary judgment. (Plaintiff's Mem., p. 5 n. 1). However, plaintiff does not dispute the authenticity of the copies of Wild-Jungle Interactive Media agreements attached as Exhibit 2 to the Motion, *see* Housman Declaration ¶ 2, nor does he dispute that the pages attached as Exhibit 3 to the Motion are true and correct copies of pages from McGraw-Hill's website describing some of its many business-oriented publications. The other allegations in the Housman Declaration bear on the transfer of venue. Accordingly, for the reasons set forth in Defendants' Memorandum of Law, p. 5 n. 3, this Court may consider these documents without having to convert the motion to one for summary judgment.

[4]  This is also obvious from the standard formulation of the elements of tortious interference with an **existing** contract: "To establish tortious interference with [a] contract, a plaintiff must show: (1) the existence of a valid contract between the plaintiff and a third party; (2) defendant's knowledge of that contract; (3) defendant's intentional procurement of the third-party's breach of the contract **without justification**; (4) actual breach of the contract; and (5) damages resulting therefrom." *A.F.C. Enterprises v. NYCSCA*, No. 98CV4534 (CS), 2001 WL 1335010, *13 (E.D.N.Y.

have no justification based on those agreements.

It is also obvious, in any event, that plaintiff's allegations of tortious interference in the Complaint are based directly on plaintiff's own rights under those agreements and on his attack on defendants' interpretation of the parties' respective rights thereunder. Indeed, most of the factual allegations in the Complaint directly pertain to the negotiation of the agreements, the terms of those agreements, and the parties' alternative interpretations of their respective rights thereunder. *See* Complaint, ¶¶ 6, 7, 8, 9, 10, 11, 15, 16, 17, 18, 19, 23, 30, 31, 32, 33, 34, 35, 36, 38, 40, 41, 42, 43, 44, 45, 49, 54, 56, 61, Ex. A, C, D, G, J. Even if plaintiff had correctly recited the elements of this tort, it is clear from the Complaint – and now from plaintiff's own Memorandum of Law – that plaintiff's bases for these elements would be arguments and allegations concerning the negotiation of the agreements, the terms of those agreements, and the parties' interpretations of their respective rights under those agreements.

Accordingly, both in terms of the requirements for pleading tortious interference and also insofar as plaintiff's claims directly require that the agreements between Wild and Jungle Interactive Media be "construed," the parties' "Governing Law" clause requires that plaintiff's tortious interference claims be construed in accordance with New York law. *Corestates Bank, N.A. v. Signet Bank*, 1996 WL 482909, *5 n. 3.

Of course, even if Pennsylvania law governed these claims, the result would be no different. Defendants' justification for their communications with McGraw-Hill is the same as their demonstration from the face of the Complaint that they were not solely motivated by ill will toward plaintiff. As under New York law, a pertinent element of the "competitor's privilege" under Pennsylvania law and Section 768 of the Restatement (Second) of Torts is that the competitor not

---

Sept. 6, 2001) (emphasis added); *see also, e.g., Lama Holding Co. v. Smith Barney Inc.,* 88 N.Y.2d 413, 424, 668 N.E.2d 1370, 1375, 646 N.Y.S.2d 76, 82 (1996).

4

employ "wrongful means." As this Court has recently held, "wrongful means" are employed only "when the competitor commits conduct that is independently actionable." *Pennpac Int'l, Inc. v. Rotonics Mfg., Inc.*, No. Civ. A. 99-2890 (WY), 2001 WL 569264, *13 (E.D. Pa. May 25, 2001). Plaintiff has neither alleged any separate causes of action against defendants nor set forth any factual allegations that would be the basis for other tort claims. Accordingly, plaintiff could hardly establish that defendants employed "wrongful means" under Pennsylvania law.

### III.  COUNT II AGAINST INDIVIDUAL DEFENDANT JON HOUSMAN MUST BE DISMISSED.

Plaintiff has not responded at all to defendants' motion to dismiss Count II against the individual defendant Jon Housman. For the reasons set forth at pp. 16-17 of Defendants' Memorandum of Law, there is no basis for holding a corporate official such as Mr. Housman liable.

### IV.  BECAUSE RESOLUTION OF PLAINTIFF'S CLAIMS RELATES TO INTERPRETATION OF THE AGREEMENTS, UNLESS THIS ACTION IS DISMISSED, THE PARTIES' FORUM SELECTION CLAUSE REQUIRES THAT THIS ACTION BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK.

It is obvious from the Complaint and, now, from plaintiff's own Memorandum of Law, that plaintiff's claims "relate to promises made in the agreement[s] or to representations made during the negotiation of the agreement[s]," *Giordano v. Witzer*, 558 F. Supp. 1261, 1264 (E.D. Pa. 1983), and their "resolution … relates to interpretation of" the parties' agreements. *VERSAR, Inc. v. Ball*, No. Civ. A. 01-1302, 2001 WL 818354, *2 & n.7 (E.D. Pa. July 12, 2001). Accordingly, plaintiff's claims herein must be understood to involve "disagreements or disputes arising under this Agreement," and the parties' forum selection clause applies. *See also Crescent Int'l, Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944 (3d Cir. 1988); *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.,* 709 F.2d 190, 193, 203 (3d Cir.), *cert. denied*, 464 U.S. 938 (1983).

Plaintiff seeks to avoid transfer on the basis of *John Wyeth & Brother Ltd. v. Cigna Int'l Corp.*, 119 F.3d 1070 (3d Cir. 1997), which is obviously distinguishable. In *John Wyeth*, an action

to recover unrecovered costs incurred during the period 1972 through 1980 in which the defendant interposed a defense based on a subsequent 1990 agreement, the Court of Appeals ruled that the action arose "in relation to" the 1990 agreement and was therefore subject to a forum selection clause in that 1990 agreement providing for venue in England. In finding that the language "arising in relation to" was "extremely broad" and "broader than" language applicable only to disputes "arising under" an agreement, the Court of Appeals did not indicate how it might have ruled if the clause had omitted the "in relation to" phrase.

But, in any event, the critical difference between *John Wyeth* and the instant case is that *John Wyeth* involves application of an agreement's forum selection clause to an action even where the agreement is only put forward as a defense to an action based on other agreements without such a clause. *See Id.*, 119 F.3d at 1076. By contrast, as shown in Part II of this Reply Memorandum, plaintiff is required to plead and to prove in this tortious interference action that defendants have no justification based on plaintiff's agreements with Jungle Interactive Media. Indeed, plaintiff's claims, in any event, are based directly on factual allegations pertaining to the negotiation of the agreements, the terms of those agreements, his rights under those agreements, and the parties' respective interpretations. *See* Complaint, ¶¶ 6, 7, 8, 9, 10, 11, 15, 16, 17, 18, 19, 23, 30, 31, 32, 33, 34, 35, 36, 38, 40, 41, 42, 43, 44, 45, 49, 54, 56, 61, Ex. A, C, D, G, J. Thus, *John Wyeth* does not call into question cases such as those cited by defendants supporting the proposition that forum selection language applicable to "disputes or disagreements arising under" an agreement applies to tort claims the resolution of which relates to interpretation of that agreement. Resolution of plaintiff's claims manifestly requires interpretation of his agreements with Jungle Interactive Media.[5]

---

[5] Noteworthy in this respect are plaintiff's allegations of breach of contract in ¶¶ 30-31 of the Complaint – that, following its communications with McGraw-Hill, Jungle Interactive Media

V. **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in defendants' Memorandum of Law, defendants' motion to dismiss the Complaint for failure to state a claim upon which relief can be granted should be granted, but if the Complaint is not dismissed, this action should be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

> Respectfully submitted,
>
> JACOBS, DEBRAUWERE & DEHN LLP
>
> By:_____
>   Barbara J. Lipshutz, Esq.
>   Pennsylvania Bar # 45219
>   445 Park Avenue 17th Floor
>   New York, New York 10022
> Attorneys for Defendants Jungle
> Interactive Media, Inc. and Jon Housman

Dated: September 3, 2002
       New York, New York

Of counsel:
Robert J. deBrauwere
John F. Burleigh

---

breached an agreement with plaintiff by publishing certain materials more than one year after the date of that agreement – which plaintiff now contends demonstrate defendants' bad faith. Plaintiff's Mem., p. 13. Insofar as the alleged breach occurred **after** the communications at issue in this action, it has no possible bearing on defendants' intent at the time of those communications and, in any event, does not erase defendants' economic interest or evince any wrongful means. Plaintiff's pleading of this alleged breach of contract is nonetheless revealing. First, since on its face it affords plaintiff a claim of breach of contract, it is obvious that plaintiff has avoided pleading a separate claim of breach of contract solely in the hope of avoiding application of the forum selection clause. Second, it provides an especially blatant instance of an admission by plaintiff that his tortious interference claims require interpretation of his agreements with Jungle Interactive Media.

Although the critical basis for transfer is the parties' forum selection clause, it should be noted that plaintiff is completely silent in his Memorandum of Law on the factor of the convenience of the parties. As defendants have pointed out, whereas venue in New York City is much more convenient for defendants' witnesses, who live and work in New York City, than venue in Philadelphia, 95 miles away, venue in New York City is only slightly more inconvenient for plaintiff, who resides in Allentown, 63 miles from Philadelphia and 87 miles from New York City.

7