JACOBS DEBRAUWERE LLP
445 Park Avenue 17th Floor
New York, New York 10022
Attorneys for Defendants Jungle Interactive Media, Inc.
and Jon Housman

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL WILD, | : |
| Plaintiff, | : Civ. A. No. 02-CV-5123-WY |
| - against - | : |
| JUNGLE MEDIA GROUP and JON J. HOUSMAN, | : |
| Defendants. | : |

**MOTION BY DEFENDANTS JUNGLE INTERACTIVE MEDIA, INC.
AND JON HOUSMAN TO DISMISS THE AMENDED COMPLAINT
PURSUANT TO RULE 12(b)(6) OR, IF IT IS NOT DISMISSED, TO
TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404(a)**

Defendants Jungle Interactive Media, Inc. ("Jungle") and Jon Housman, by their undersigned counsel, upon the attached declarations and exhibits and the accompanying memorandum of law, move this Court for an Order, in the form attached hereto, pursuant to Fed. R. Civ. P. 12(b)(6) dismissing the Amended Complaint for failure to state a claim upon which relief can be granted, or, if the Amended Complaint is not dismissed, transferring the action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). In support of this Motion, defendants state:

    1.    Plaintiff's primary claims against defendants, Counts I and II, which arise from contracts between plaintiff and defendant Jungle concerning articles he wrote for the "What B-

School Never Taught Me" feature in Jungle's *MBA* Jungle magazine and involve certain communications by defendants with The McGraw-Hill Companies, Inc., are for tortious interference with prospective contractual relations. From the face of the Amended Complaint and the documents plaintiff has attached to it and incorporated therein, the requisite elements of tortious interference with prospective contractual relations are lacking: defendants were motivated by a reasonable good-faith belief in Jungle's rights under its contracts with plaintiff, and they employed no "wrongful means" in giving notice of its rights and potential claims to McGraw-Hill. Defendants further enjoy the competitor's privilege under the Restatement (Second) of Torts §768. In all events, plaintiff fails to state a claim against Jungle's corporate officer, defendant Housman. For all of these reasons, Counts I and II of the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

    2.    In Count III, plaintiff seeks a declaratory judgment that one year after they were written by plaintiff, Jungle ceased to have any "proprietary interest" in those articles. Plaintiff's claim is manifestly without merit because it is clear from the face of the Amended Complaint and the documents plaintiff has attached to it and incorporated therein that Jungle continues to have a proprietary interest in such articles. Accordingly, Count III of the Amended Complaint should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

    3.    Plaintiff's Court IV, ostensibly for "conversion" of those articles, should like wise be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for three separate and sufficient reasons: (a) it is based on the same meritless claim in Count III, (b) it is obviously a "breach of contract claim in disguise," and (c) no cause of action lies for conversion of such intangible property.

    4.    However, in the event that this Court does not dismiss this action, because the contracts between plaintiff and Jungle contain a forum selection clause that expressly provides for exclusive jurisdiction in New York courts of all disagreements or disputes arising under those

agreements, and because all four Counts clearly involve disputes arising under those agreements, this Court should transfer this action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

5.   Defendants otherwise respectfully refer this Court to their accompanying memorandum of law for the reasons their Motion should be granted.

WHEREFORE defendants respectfully request that this Court dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, or, if the Amended Complaint is not dismissed, transfer the action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

    Respectfully submitted,

    JACOBS DEBRAUWERE LLP

    By:_____
      John F. Burleigh, Esq.
      445 Park Avenue 17th Floor
      New York, New York 10022
    Attorneys for Defendants Jungle Interactive Media, Inc. and Jon Housman

Dated: August 13, 2003
      New York, New York

Of counsel:
Robert J. deBrauwere
John F. Burleigh

JACOBS DEBRAUWERE LLP
445 Park Avenue 17th Floor
New York, New York 10022
Attorneys for Defendants Jungle Interactive Media, Inc.
and Jon Housman

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL WILD, | : |
| Plaintiff, | : Civ. A. No. 02-CV-5123-WY |
| - against - | : **[PROPOSED] ORDER** |
| JUNGLE MEDIA GROUP and JON J. HOUSMAN, | : |
| Defendants. | : |

For the reasons set forth in the Motion by Defendants Jungle Interactive Media, Inc. and Jon Housman to Dismiss the Amended Complaint Pursuant to Fed. R Civ. P. 12(b)(6) and their accompanying Memorandum of Law, both dated August 13, 2003, the Amended Complaint herein fails to state a claim upon which relief can be granted. Accordingly, defendants' Motion is hereby granted, and it is ordered that the Amended Complaint be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

SO ORDERED.

Dated:            , 2003

_____
UNITED STATES DISTRICT JUDGE

#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL WILD, | : | |
| | : | |
| Plaintiff, | : | Civ. A. No. 02-CV-5123-WY |
| | : | |
| - against - | : | |
| | : | |
| JUNGLE MEDIA GROUP and JON J. HOUSMAN, | : | |
| | : | |
| Defendants. | : | |

### DECLARATION OF JOHN BURLEIGH IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) OR, IF IT IS NOT DISMISSED, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404(a)

**JOHN BURLEIGH,** under penalty of perjury pursuant to 28 U.S.C. Section 1746, declares that the following is true and correct to the best of his knowledge:

1.   I am associated with the law firm of Jacobs deBrauwere LLP, counsel to defendants Jungle Interactive Media, Inc. (incorrectly sued herein as "Jungle Media Group") and Jon Housman. I make this Declaration in support of defendants' motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or, if the Amended Complaint is not dismissed, to transfer the action pursuant to 28 U.S.C. § 1404(a).

2.   Attached as Exhibit 1 is a true and correct copy of the Amended Complaint in this action.

3.   Attached as Exhibit 3 are true and correct copies of pages from McGraw-Hill's website as of August 8, 2002, listing a sampling of some of McGraw-Hill's many current

publications in Business Communications, Business Law, Business and Society, Business Ethics, Business Policy and Strategic Management, Compensation, E-Business, Employee Benefits, Enterpreneurship, Human Resource Management/Personnel, Industrial Psychology, International Business, International Human Resource Management, International Management, Introduction to Business, Labor Relations and Collective Bargaining, Leadership, Management Skills, Negotiation, Organizational Behavior, Development and Theory, Principles of Management, Staffing, Total Quality Management and Training and Development and other business-related categories.

_____
JOHN BURLEIGH

Dated: New York, New York
       August 13, 2003

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RUSSELL WILD, | : | |
| | : | |
| Plaintiff, | : | Civ. A. No. 02-CV-5123-WY |
| | : | |
| - against - | : | |
| | : | |
| JUNGLE MEDIA GROUP and JON J. HOUSMAN, | : | |
| | : | |
| Defendants. | : | |

**DECLARATION OF JON HOUSMAN IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO
RULE 12(b)(6) OR, IF IT IS NOT DISMISSED, TO TRANSFER VENUE
PURSUANT TO 28 U.S.C. §1404(a)**

**JON HOUSMAN,** under penalty of perjury pursuant to 28 U.S.C. Section 1746, declares that the following is true and correct to the best of his knowledge:

1.  I am the Co-Founder of Jungle Interactive Media, Inc. (incorrectly sued herein as "Jungle Media Group"), which publishes the magazine *MBA Jungle*, and am named as a defendant in this action. As Co-Founder of the company, I have complete access to its business records. I make this Declaration in support of defendants' motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or, if the Amended Complaint is not dismissed, to transfer the action pursuant to 28 U.S.C. § 1404(a).

2.  As the Amended Complaint points out, the single agreement dated February 10, 2001 between plaintiff Russell Wild and Jungle Interactive Media ("Jungle") attached to the Amended Complaint as Exhibit A is "illustrative" of eight other agreements between Mr. Wild and Jungle

pertaining to the "What B-School Didn't Teach Me" articles that Mr. Wild wrote for *MBA Jungle* at issue in this litigation. According to the Amended Complaint, these are dated (or, to be more precise, the "due dates" under those agreements are) June 12, 2000, July 14, 2000, September 1, 2000, October 6, 2000, November 29, 2000, December 29, 2000, January 29, 2001, and June 1, 2001. True and correct copies of all of these agreements and one other agreement pertaining to the "What B-School Didn't Teach Me" articles that Mr. Wild wrote for *MBA Jungle* are attached as Exhibit 2 to this motion.

3. Articles written pursuant to these agreements were published in the September 2000, December 2000-January 2001, February 2001, March 2001, May 2001, September 2001 and November 2001 issues of *MBA Jungle*. Each of these articles was published in *MBA Jungle* less than one year after the agreement pertaining thereto was signed.

4. As the Amended Complaint and the documents attached to and incorporated in the Amended Complaint reflect, Bill Shapiro and Vince Bielski, the Editors-in-Chief of *MBA Jungle* at times relevant to the allegations, and I are familiar with the articles that plaintiff wrote for *MBA Jungle*'s feature "What B-School Didn't Teach Me" and with the agreements between plaintiff and Jungle pertaining to those articles, and we have been involved in communications with plaintiff pertaining to those articles and agreements.

5. Mr. Shapiro and I are residents of New York City, Mr. Bielski is a resident of Brooklyn, New York, and all of us work in New York. Having to testify at a trial and at other hearings in Philadelphia would be a major inconvenience for us.

6. The McGraw-Hill Companies, Inc. is a corporation organized under the laws of New York state with its headquarters and main offices in New York City. As the Amended Complaint and the documents attached to and incorporated in the Amended Complaint allege, in March 2002,

Jungle's attorney, Robert J. deBrauwere, wrote to McGraw-Hill editor Danielle Egan-Miller concerning plaintiff's agreements with Jungle and the requirement that he obtain *MBA Jungle*'s prior written permission before he could enter into any book contract with McGraw-Hill concerning those articles. As the Amended Complaint also alleges, I also communicated with Ms. Egan-Miller at that time. Although the Amended Complaint incorrectly alleges that I spoke to Ms. Egan-Miller about plaintiff's proposed book with McGraw-Hill, I understand that for purposes of the pending motion to dismiss pursuant to Rule 12(b)(6), those allegations are taken as true. In any event, on information and belief, Ms. Egan-Miller works and lives in the Chicago area. With respect to third-party witnesses for McGraw-Hill and any pertinent documents produced by McGraw-Hill in this action, the location of such witnesses and documents is therefore likely to be in either the Chicago area or the New York City area.

_____
JON HOUSMAN

Dated: New York, New York
       August 13, 2003