IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Russell Wild,<br>            Plaintiff<br><br>vs.<br><br>JUNGLE MEDIA GROUP and<br>JON J. HOUSMAN,<br>            Defendant | NO. 02-CV-5123 WY |

## AFFIDAVIT OF RUSSELL WILD

I, RUSSELL WILD, hereby swear and affirm:

1. That I am an adult and am competent to attest to the matters set forth herein;

2. That I am the Plaintiff in this action, and that I reside and maintain my place of business in Allentown, Pennsylvania.

3. That I have reviewed the Amended Complaint in this matter and that each and every factual allegation set forth therein is true and correct.

4. That I was contacted at my place of business in Allentown, Pennsylvania, in June of 2000, by the Editor-in-Chief of MBA Jungle, who asked me to author a regular column for the magazine, consisting of business tips.

5. That after the period of negotiations which is described in the Amended Complaint – including the discussions and agreements concerning my right to republish columns authored by me in a book of my own in the future – a contract was sent to me at my business address in Allentown, Pennsylvania.

6. After I had reached agreement with MBA Jungle on the terms of the contract, I signed the contract in Allentown, Pennsylvania.

7. All of the research performed by me, and all of the writing, pursuant to the nine separate agreements which are referenced in the Amended Complaint, was done in Pennsylvania.

8. At no time did I meet with any representative of MBA Jungle in New York or at any other location for business purposes.

9. All contact between me and MBA Jungle's representatives was conducted by telephone or email or letter, and at all such times I was in Allentown, Pennsylvania.

10. All of my contact with McGraw Hill, as outlined in the Amended Complaint, took place with Danielle Egan-Miller, who was in the Chicago, Illinois offices of McGraw Hill.

11. It would be a substantial hardship for me to incur costs and expenses associated with travel to and accommodations in New York City, if this action were to be transferred to a court in New York, and in all likelihood, I would be unable to maintain this action due to such costs.  In addition, I have independently learned that the cost of retaining counsel in New York City would be considerably more than I presently am required to expend for counsel in Allentown, Pennsylvania, and the added cost of such counsel would be prohibitive for me.

12. Furthermore, I am a sole proprietor, and the additional time required for me to travel to New York City would be a substantial impediment to conducting my ordinary business affairs.

13. I have reviewed the Motion to Dismiss filed by Defendants, as well as their Memorandum of Law and the attached Declarations of Jon Housman and John Burleigh.

14. Jon Housman and I did not communicate concerning any portion of the pre-contract negotiations between me and MBA Jungle relative to my agreement(s) with the magazine.  The individuals at MBA Jungle with whom I had dealings prior to institution of this lawsuit were Bill Shapiro, then-Editor-in Chief, and Vince Bielski, when he took over Mr. Shapiro's position.

15. At no time did Jon Housman contact me directly to discuss the terms of my contract with MBA Jungle, or my prospective book deal with McGraw Hill, before he contacted my McGraw Hill editor, Danielle Egan-Miller.

16. At various times thereafter, however, Jon Housman and I did communicate, and he encouraged me to terminate my dealings with McGraw Hill and to enter into a contract with Jungle Media instead.

17. In addition, Jon Housman proposed a "three-way" contract between me, Jungle, and McGraw Hill, for such a book.

18. After it became clear that the threats by Jungle Media to McGraw Hill had resulted in my contract with McGraw Hill being put on indefinite "hold," I learned that MBA Jungle had rushed to publish three of my articles which had been held for more than a year without being published, so as to allow them to permit them to take the position that they now owned those articles.  No attempt was made by MBA Jungle to "renegotiate" the terms of the contract with me, as was clearly required by paragraph 4.1 of the agreement(s).

19.  I personally, and through my counsel, requested that MBA Jungle cease and desist from publishing any of my work that had been written more than one year before, in accordance with paragraph 4.1 of the contract between me and Jungle.

20. Notwithstanding these requests, which were made both orally and in writing, by me and by my counsel, Jungle persisted in publishing my work, and furthermore, while my work had always been credited to me with a byline, Jungle no longer included my byline on such publications.

21. Most recently, in the Summer 2003 issue of MBA Jungle, my work was appropriated by MBA Jungle in an article accompanying a photo essay entitled "Golden Handcuffs."  The concept, written content (but not the photographs) of this article were entirely my work and effort, which had been submitted to MBA Jungle well over a year before the Summer of 2003; however, MBA Jungle credited the entire piece to a photographer who had accompanied me on a trip to a prison which had formed the basis for the article.

22. This most recent action by MBA Jungle is yet another action taken by the Defendants without regard for the terms of the contract(s) we had negotiated before I ever did work for MBA Jungle, and, in the context of my prior cease and desist requests, this litigation and a court-ordered settlement conference, manifests their ill intent and bad faith toward me.

_____
RUSSELL WILD

Dated:  Allentown, Pennsylvania
September 15, 2003

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing AFFIDAVIT OF RUSSELL WILD was served by Facimile Transmission on this 16th day of September, 2003, upon the following:

JOHN F. BURLEIGH, ESQUIRE
JACOBS DEBRAUWERE LLP
445 PARK AVENUE
NEW YORK, NEW YORK 10022

GROSS, McGINLEY, LaBARRE & EATON, LLP

BY: _____
PAUL A. McGINLEY, ESQUIRE
Attorney for PLAINTIFF
33 South Seventh Street
Post Office Box 4060
Allentown, Pennsylvania 18105-4060
Telephone: (610) 820-5450
Attorney I.D. # 19510