**J**ACOBS DE**B**RAUWERE **LLP**
Attorneys for Defendants Jungle Interactive Media, Inc.
and Jon Housman
445 Park Avenue, 17th Floor
New York, New York  10022
(212) 207-8787

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL WILD, | : | |
| | : | |
| Plaintiff, | : | Civ. A. No. 02-CV-5123-WY |
| | : | |
| - against - | : | |
| | : | |
| JUNGLE MEDIA GROUP and JON J. HOUSMAN, | : | |
| | : | |
| Defendants. | : | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS JUNGLE INTERACTIVE MEDIA, INC. AND JON HOUSMAN TO DISMISS THE AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) OR, IF THE COMPLAINT IS NOT DISMISSED, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404(a)**

**TABLE OF CONTENTS**

I. Defendants' "Privilege or Justification" is Clear From the Admissions and Undisputed Documents Incorporated in Plaintiff's Own Pleadings………………………………………………………………...…...1

II. For Purposes of the "Competitor's Privilege" in Section 768 of the Restatement, Plaintiff and Jungle Are Competitors …………..…….……..5

III. Count II Against Individual Defendant Jon Housman Must Be Dismissed. ……………………………………………………………………….…..6

IV. Plaintiff Has Effectively Abandoned Count III for Declaratory Relief and Count IV for Conversion, and the Claims Must Be Dismissed or Otherwise Decided in Defendants' Favor. ………………………………………….…...6

V. In Seeking to Escape From the Parties' Forum Selection Clauses, Plaintiff Ignores the Critical Fact that the Absence of Privilege or Justification Is a Necessary Element of Tortious Interference…….………………………….7

VI. Conclusion……….………………………………………………………….7

**TABLE OF AUTHORITIES**

*Bahleda v. Hankinson Corp.*, 228 Pa. Super. 153, 323 A.2d 121 (Pa. Super. 1974).......................1

*Capital Funding, VI, LP v. Chase Manhattan Bank USA, N.A.*, No. 01-CV-6093, 2003 WL 21672202 (E.D. Pa. Mar. 21, 2003)........................................................................................1

*Falbo v. State Farm Life Ins. Co.* No. Civ. A. 96-5540 (Yohn, J.), 1997 WL 116988 (E.D.Pa. Mar. 13, 1997) ..........................................................................................................................4

*Roy F. Weston Services, Inc. v. Halliburton Environmental Corp.*, 839 F. Supp. 1144 (E.D. Pa. 1993) .............................................................................................................................................1

*Scelsa v. C.U.N.Y.*, 76 F.3d 37 (2d Cir. 1996) .............................................................................4

*W.W.W. Associates, Inc. v. Giancontieri*, 77 N.Y.2d 157, 566 N.E.2d 639, 565 N.Y.S.2d 440 (1990)...........................................................................................................................................4

**I.     DEFENDANTS' "PRIVILEGE OR JUSTIFICATION" IS CLEAR FROM THE ADMISSIONS AND UNDISPUTED DOCUMENTS INCORPORATED IN PLAINTIFF'S OWN PLEADINGS.**

In professing to refuse to address the substance of defendants' argument that, under his contracts with Jungle Interactive Media ("Jungle") concerning the articles he had written for *MBA Jungle*, plaintiff was required to obtain Jungle's consent before he could contract with McGraw-Hill to republish them, plaintiff wishfully "submits that arriving at a resolution of the meaning of the contractual provisions is not required at this early stage of this litigation…." (Plaintiff's Memorandum of Law, p. 10 n.1). Plaintiff is completely mistaken. Interpretation of a contract and any questions of its ambiguity are questions of law for the court to decide. *Roy F. Weston Services, Inc. v. Halliburton Environmental Corp.*, 839 F. Supp. 1144, 1146 (E.D. Pa. 1993). As plaintiff has incorporated the agreements between plaintiff and Jungle as well as the pertinent correspondence in his Amended Complaint, this Court may determine on the face of the Amended Complaint that the agreements clearly provide for Jungle's "legally protected interest" in the republication of plaintiff's articles and that the Amended Complaint must therefore be dismissed. *See Bahleda v. Hankinson Corp.*, 228 Pa. Super. 153, 156, 323 A.2d 121, 123 (Pa. Super. 1974) ("By incorporating the contract in its complaint, appellant has shown, contrary to his burden, the presence of a privilege on the part of [defendant], thus defeating his own cause of action."); *Capital Funding, VI, LP v. Chase Manhattan Bank USA, N.A.*, No. 01-CV-6093, 2003 WL 21672202, *5 (E.D. Pa. Mar. 21, 2003). In fact, notwithstanding his ostensible refusal to address issues of contractual interpretation, plaintiff's Memorandum of Law once again makes clear that his tortious interference claims are predicated on an untenable, tortured account of the meaning of Paragraphs 4.1 and 5.1 of the agreements. Thus, plaintiff's support for his claim of defendants' supposed "intent to harm" him is that defendants advanced an invalid contractual position. Plaintiff argues:

> That Agreement, at Section 4.1, clearly gives Jungle Interactive Media only an exclusive right to use Plaintiff's work for a specified "Exclusivity Period." Thereafter, as set forth in paragraphs 5.1 and 5.2 of the Agreement, Plaintiff had the right to authorize the use of his work by others, provided that certain conditions were met. In essence, Defendants were clearly attempting to strong-arm Plaintiff into granting them rights which they did not otherwise have, by threatening him with litigation. (Plaintiff's Memo of Law, p. 8).

Plaintiff's claim is clearly incorrect on the face of the agreements. As plaintiff, indeed, points out in the quoted passage, "Plaintiff had the right to authorize the use of his work by others, **provided that certain conditions were met**." (emphasis added). Of course, as plaintiff neglects to add, the critical condition in paragraph 5.1 that had to be "met" is the crux of Jungle's "privilege or justification" in this action: plaintiff's "right to authorize the use of his work by others" is expressly conditioned on his obtaining the "prior written permission" of *MBA Jungle's* Editor in Chief! Amended Complaint, Ex. A; Defendants' Motion to Dismiss the Amended Complaint, Ex. 2. Under the agreements themselves, Jungle had the right to grant or withhold permission to plaintiff to republish his articles, and Jungle's actions in conformity with such right afford plaintiff no ground on which to infer an "intent to harm" him.

Plaintiff further argues that his allegations "constitute a contention that Defendants acted with the sole purpose of harming Plaintiff to the extent that they knew full well that the Defendants would need Plaintiff's permission to publish their own book of his columns and that, Plaintiff would never agree to such an arrangement." (Plaintiff's Memo of Law, p. 8). Here again, plaintiff's claim is belied by the agreements themselves, as they expressly grant Jungle the right to republish plaintiff's articles **without** his permission. Under subparagraphs 4.1(c), (d) and (e), both during and after the "Exclusivity Period," Jungle has the right to itself republish or to authorize others to republish the articles, without plaintiff's permission but subject to various contractual formulae for further compensation to plaintiff.[1]

---

[1] Paragraph 4.1 of each agreement provides as follows:

    4.1    Writer hereby grants to Jungle the following rights in the Article, throughout the world: ……

    (c) The right, for an amount equal to forty percent (40%) of the Fee, to republish the Article in any different printed publication; future edition; or as part of a collection, compendium or other compilation; or to allow any partner to republish the Article in such partner's printed publications, provided such collection, compendium, or other compilation does not consist solely of Writer's work.

    (d) The right to authorize the translation and republication of the Article in any non-English publication or web site for which Jungle will pay to Writer an additional sum in the amount of twenty percent (20%) of the proceeds that Jungle actually receives from the exploitation of any such reuse of the Article.

To explain his claim that defendants lacked a "privilege or justification" for their actions, plaintiff points to his allegation in paragraph 43 of the Amended Complaint that "Defendant Jungle knew, based on its negotiations with Plaintiff, that the parties' intent regarding Section 5.1 of the contract … was not to preclude or prevent Plaintiff from republishing previously published MBA Jungle content in a book of his own." (Plaintiff's Memo of Law, p. 10). Plaintiff contends that defendants' claim of a legally protected interest in exercising the right to grant or withhold written permission for plaintiff's republication of his articles is obviated by Plaintiff's claim that he "advised Jungle that he was a book author and wanted to reuse all work written by him for MBA Jungle in a subsequent book, and that those concerns were addressed in the ultimate contract between Plaintiff and Jungle." (Plaintiff's Memo of Law, p. 10).

Plaintiff's argument, that the agreements should be interpreted in light of alleged precontractual discussions to mean that Jungle's written permission for plaintiff's republication of his articles was not required,[2] flatly contradicts the written agreements themselves, which expressly provide in paragraph 5.1 that Jungle's "prior written permission" **is** required. Plaintiff completely ignores the fact that each of the agreements contains an explicit and unqualified integration ("Entire Agreement") clause, which provides that the agreement constitutes the "entire agreement between the parties relating to the subject matter of this Agreement," and which prevents him from appealing to such "negotiations, conversations, understandings, or discussions, whether written or oral" to revise or contradict the parties' agreement.[3]

---

(e) The right to authorize the republication of the Article in any English-language publication or on third-party web sites, for which Jungle will pay Writer an additional sum in the amount of fifty percent (50%) of the proceeds actually received by Jungle from the exploitation of any such reuse of the Article.

Amended Complaint, Ex. A; Defendants' Motion to Dismiss the Amended Complaint, Ex. 2.

[2]  Of course, plaintiff's account of his precontractual discussions with Jungle – that he pointed out that he was a book author and that he wanted an opportunity to reuse the articles – is entirely consistent with the parties proceeding to negotiate terms that nonetheless required Jungle's "prior written permission" before plaintiff could republish them.

[3]  Paragraph 7.5.of each agreement provides as follows:

> **7.5.    Entire Agreement**. **This Agreement constitutes the entire agreement between the parties relating to the subject matter of this Agreement and supersedes all proposals, negotiations,

3

Plaintiff's appeal to a supposed intent that alters the written terms of the parties' expressly integrated agreement is patently untenable as a matter of law (whether Pennsylvania or New York law). As this Court has explained:

> Where the parties to an agreement adopt a writing as the final and complete expression of their agreement ... evidence of negotiations leading to the formation of the agreement is inadmissible to show an intent at variance with the language of the written agreement. Alleged prior or contemporaneous oral representations or agreements concerning subjects that are specifically dealt with in the written contract are merged in or superseded by that contract. The effect of an integration clause is to make the parol evidence rule particularly applicable. Thus the written contract, if unambiguous, must be held to express all of the negotiations, conversations, and agreements made prior to its execution, and neither oral testimony, nor prior written agreements, or other writings, are admissible to explain or vary the terms of the contract.

*Falbo v. State Farm Life Ins. Co.* No. Civ. A. 96-5540 (Yohn, J.), 1997 WL 116988, *4 (E.D.Pa. Mar. 13, 1997) (quotations omitted). *See also W.W.W. Associates, Inc. v. Giancontieri*, 77 N.Y.2d 157, 162-63, 566 N.E.2d 639, 642, 565 N.Y.S.2d 440, 443 (1990).

Nor is there any contractual ambiguity that would permit plaintiff to appeal to such "negotiations, conversations, understandings, or discussions, whether written or oral." "The fact that the parties in this case disagree as to its interpretation does not require a finding of ambiguity that might create a fact issue if disputed extrinsic evidence of the parties' intent existed. The court is not required to find the language ambiguous where the interpretation urged by one party would strain the contract language beyond its reasonable and ordinary meaning." *Scelsa v. C.U.N.Y.*, 76 F.3d 37, 41 (2d Cir. 1996) (quotations omitted). Without making any attempt to defend the various untenable (and mutually contradictory) interpretations he has put forward at different times, plaintiff presents the controversy here as simply one in which "two sides have differing views of a contract's interpretation and application." (Plaintiff's Memo of Law, p. 9). It is clear from the face of the agreements, however, that plaintiff has not put

---

conversations, understandings, or discussions, whether written or oral, between parties relating to the subject matter of this Agreement and all past dealing or industry custom, except for written agreement signed by the Editor in Chief or an executive officer of Jungle making reference to this Agreement and the clause to be changed.

forward a reasonable alternative interpretation of the agreements. Instead, plaintiff has whistled past the graveyard of defendants' demonstration in pp. 6-12 of their Memorandum of Law that the only reasonable interpretation of the agreements is that Jungle's "prior written permission" is required before plaintiff may republish his *MBA Jungle* "B-School" articles in a book titled *The Instant MBA*.

Based on any "reasonable and ordinary meaning" of the language of the agreements, and on the face of plaintiff's pleadings, defendants' "privilege or justification" for their actions is clear, and for the foregoing reasons and for the reasons set forth in Defendants' Memorandum of Law at pp. 3-19, Counts I and II of the Amended Complaint should be dismissed.

## II. FOR PURPOSES OF THE "COMPETITOR'S PRIVILEGE" IN SECTION 768 OF THE RESTATEMENT, PLAINTIFF AND JUNGLE ARE COMPETITORS.

On the ground that he is a writer who supplies editorial content and Jungle is a magazine publisher that uses editorial content, plaintiff dismisses as "absurd" the argument that they are competitors for purposes of the "Competitor's Privilege" in Section 768 of the Restatement. From the face of the parties' agreements, however, and as plaintiff knows full well, Jungle not only publishes a magazine but also packages, sells and licenses to other publishers editorial materials that have appeared in *MBA Jungle*. Thus, the parties' agreements repeatedly refer to such packaging, sales and licenses of plaintiff's articles by Jungle:

- Paragraph 4.1(b) refers to Jungle's right "to license Jungle's partners to reproduce and display the Article on such partners' web sites or other electronic sites that are provided without charge."

- Paragraph 4.1(c) refers to Jungle's "right, for an amount equal to forty percent (40%) of the Fee, **to republish the Article in any different printed publication; future edition; or as part of a collection, compendium or other compilation; or to allow any partner to republish the Article in such partner's printed publications, provided such collection, compendium, or other compilation does not consist solely of Writer's work**." (emphasis added).

- Paragraph 4.1(d) refers to Jungle's "right to authorize the translation and republication of the Article in any non-English publication or web site…."

---

Amended Complaint, Ex. A; Defendants' Motion to Dismiss the Amended Complaint, Ex. 2.

- Paragraph 4.1(e) refers to Jungle's "**right to authorize the republication of the Article in any English-language publication** or on third-party web sites…." (emphasis added).

- Indeed, in Paragraph 4.2, "Writer acknowledges and agrees that Jungle has the sole discretion to decide when, where, how and in what medium to publish the Article."

Amended Complaint, Ex. A; Defendants' Motion to Dismiss the Amended Complaint, Ex. 2.[4]

In sum, although defendants' "privilege or justification" is clear even without reference to this particular privilege, it is nonetheless clear from the face of the Amended Complaint itself that their competing interests in licensing, packaging and republishing plaintiff's articles render plaintiff and Jungle "competitors" for purposes of Section 768 of the Restatement.

### III. COUNT II AGAINST INDIVIDUAL DEFENDANT JON HOUSMAN MUST BE DISMISSED.

Plaintiff has not responded at all to defendants' motion to dismiss Count II against the individual defendant Jon Housman. For the reasons set forth at pp. 16-17 of Defendants' Memorandum of Law, there is no basis for holding a corporate official such as Mr. Housman liable, and Count II therefore must, in any event, be dismissed.

### IV. PLAINTIFF HAS EFFECTIVELY ABANDONED COUNT III FOR DECLARATORY RELIEF AND COUNT IV FOR CONVERSION, AND THE CLAIMS MUST BE DISMISSED OR OTHERWISE DECIDED IN DEFENDANTS' FAVOR.

Plaintiff has not responded at all to defendants' arguments concerning Counts III and IV. For the reasons set forth at pp. 19-22 of Defendants' Memorandum of Law, the claims are completely without merit and must be dismissed or otherwise decided in defendants' favor.

---

[4] The Restatement itself makes clear that there is no rigid requirement that the parties be engaged in precisely the same profession at the same market level. According to Comment (c) to Restatement Section 768(1):

> *c. Competition between actor and the person harmed.* The rule stated in this Section applies whether the actor and the person harmed are competing as sellers or buyers **or in any other way, and regardless of the plane on which they compete**. Thus the rule applies whether the actor and the other are competing manufacturers or wholesalers or retailers or competing banks, newspapers or brokers. It applies when they are competing for the purchase of a farmer's tobacco crop or cattle as well as when they are competing for the sale of the crop or cattle. **It applies also to the indirect competition between a manufacturer whose goods are marketed by independent retailers and a retailer who markets the competing goods of another manufacturer.** (emphasis added).

**V.   IN SEEKING TO ESCAPE FROM THE PARTIES' FORUM SELECTION CLAUSES, PLAINTIFF IGNORES THE CRITICAL FACT THAT THE ABSENCE OF PRIVILEGE OR JUSTIFICATION IS A NECESSARY ELEMENT OF TORTIOUS INTERFERENCE.**

In the ostrich-like fashion in which he has responded to defendants' arguments on the merits, plaintiff has likewise ignored with respect to venue the critical fact that he is required to plead and to prove that defendants acted without privilege or justification. Thus, an adjudication of the parties' rights under their contracts is part of his case in chief, and his claims arise under those contracts for purpose of applying their forum selection clauses. For the reasons set forth at pp. 22-25 of Defendants' Memorandum of Law, if this action is not dismissed entirely, it should be transferred to the Southern District of New York.

**VI.   CONCLUSION**

For the foregoing reasons, and for the reasons set forth in defendants' Memorandum of Law, defendants' motion to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted should be granted, but if the Amended Complaint is not dismissed, this action should be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

                                                Respectfully submitted,

                                                JACOBS DEBRAUWERE LLP

                                                By:_____
                                                    John F. Burleigh, Esq.
                                                    445 Park Avenue 17th Floor
                                                    New York, New York 10022
                                              Attorneys for Defendants Jungle Interactive
                                              Media, Inc. and Jon Housman

Dated: October 8, 2003
       New York, New York

Of counsel:
Robert J. deBrauwere, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL WILD, | : |
| Plaintiff, | : Civ. A. No. 02-CV-5123-WY |
| - against - | : |
| JUNGLE MEDIA GROUP and JON J. HOUSMAN, | : |
| Defendants. | : |

**DECLARATION OF SERVICE OF JOHN F. BURLEIGH**

John F. Burleigh, pursuant to 28 U.S.C. § 1746, declares and says as follows:

On October 8, 2003, I served a copy of the within Reply Memorandum of Law in Support of the Motion by Defendants to Dismiss the Amended Complaint Pursuant to Rule 12(b)(6) or, if It is Not Dismissed, To Transfer Venue Pursuant to 28 U.S.C. §1404(a) upon the attorneys for plaintiff, by sending it by Federal Express to defendants' counsel, Paul A. McGinley, Esq., Gross, McGinley, LaBarre & Eaton, LLP, as follows: I placed said copy in a Federal Express envelope addressed to Paul A. McGinley, Esq., Gross, McGinley, LaBarre & Eaton, LLP, 33 South Seventh Street, P.O. Box 4060, Allentown, PA 18105-4060, with delivery charges prepaid, and caused said envelope to be deposited at a Federal Express office.

I swear under the penalties of perjury of the laws of United States that the foregoing is true and correct.

Dated:  New York, New York
            October 8, 2003

                                                    _____
                                                    John F. Burleigh