## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RUSSELL WILD,                                    :
                                                 :
                 Plaintiff,                :    Civ. A. No. 02-CV-5123-WY
                                                 :
     - against -                                :
                                                 :
JUNGLE MEDIA GROUP and JON J. HOUSMAN,  :
                                                 :
             Defendants.               :


## ANSWER AND COUNTERCLAIM

Defendant Jungle Interactive Media, Inc. (incorrectly named in the caption as "Jungle Media Group"), by and through its undersigned attorneys, Jacobs deBrauwere LLP, hereby files this, its Answer and Counterclaim to the Amended Complaint, and states as follows:

## GENERAL STATEMENT

On March 15, 2004, this Court entered an Order dismissing Counts II, III and IV of the Amended Complaint with prejudice, thereby dismissing all claims against the individual defendant Jon Housman. Accordingly, no response from Mr. Housman is required, nor is any response to the allegations in Paragraphs 58 through 85 of the Amended Complaint required in this Answer from Defendant Jungle Interactive Media, Inc. ("Defendant")

Statements in the numbered paragraphs below respond to the allegations in the correspondingly numbered paragraphs of the Amended Complaint.

1.     Defendant admits that Plaintiff Russell Wild ("Plaintiff") is an adult individual, but denies having knowledge or information as to the truth or falsity of all other allegations not

specifically admitted or denied and therefore denies the same.

2.      Defendant admits the allegations in Paragraph 2 of the Amended Complaint, except Defendant avers that Defendant's name is "Jungle Interactive Media, Inc." and that it is a Delaware corporation.

3.      Defendant admits the allegations in Paragraph 3 of the Amended Complaint.

4.      Defendant incorporates each and every response set forth above.

5.      Defendant denies the allegations in Paragraph 5 of the Amended Complaint, except Defendant admits that sometime in May or early June 2000 Plaintiff was contacted by Bill Shapiro, the then-Editor-in Chief of MBA Jungle, a magazine published by Defendant.

6.      Defendant denies the allegations in Paragraph 6 of the Amended Complaint.

7.      Defendant denies the allegations in Paragraph 7 of the Amended Complaint, except Defendant avers that in May or early June 2000, Defendant forwarded a "Freelance Agreement" to Plaintiff, that the terms of such agreement were then negotiated, that this initial Freelance Agreement was signed by Plaintiff on or around June 5, 2000 and the listed "due date" was June 12, 2000, and that this initial agreement formed the basis for subsequent agreements concerning "What B-School Didn't Teach Me" materials written by Plaintiff for MBA Jungle.

8.      Defendant denies the allegations in Paragraph 8 of the Amended Complaint, except Defendant avers that during negotiations with Plaintiff, Plaintiff and Defendant discussed the possibility, subject to further discussions with Defendant, of Plaintiff working with Defendant on a book written for and published by Defendant that might contain some of the material Plaintiff would write for MBA Jungle.

9.      Defendant denies the allegations in Paragraph 9 of the Amended Complaint, as the

2

initial agreement between Plaintiff and Defendant concerning a "What B-School Didn't Teach Me"

materials written by Plaintiff for MBA Jungle speaks for itself. A true and correct copy of the initial

agreement signed by Plaintiff on or around June 5, 2000 and for which the listed "due date" was June

12, 2000 is attached as part of composite Exhibit A hereto.

10.    Defendant admits that Plaintiff and Defendant entered into a new Freelance

Agreement for each set of "What B-School Didn't Teach Me" materials written by Plaintiff for MBA

Jungle and that such agreements were essentially identical in form and content, although there were a

few minor differences among them, and denies having knowledge or information as to the truth or

falsity of all other allegations in Paragraph 10 of the Amended Complaint not specifically admitted or

denied and therefore denies the same.

11.    Defendant denies the allegations in Paragraph 11 of the Amended Complaint, except

Defendant admits that a true and correct copy of an agreement between Plaintiff and Defendant, the

"due date" for which is February 10, 2001, is attached as Exhibit A to the Amended Complaint, that

Plaintiff and Defendant entered into eight or nine separate agreements for "What B-School Didn't

Teach Me" materials written by Plaintiff for MBA Jungle, and that "due dates" recited on such

agreements were June 12, 2000, July 14, 2000, September 12, 2000, November 29, 2000, December

29, 20000, February 10, 2001 and June 1, 2001. True and correct copies of such agreements as well

as another such agreement that Plaintiff did not sign and another agreement pertaining to a feature to

be titled "The One Thing" are attached as part of composite Exhibit A hereto.

12.    Defendant denies the allegations in Paragraph 12 of the Amended Complaint.

13.    Defendant denies the allegations in Paragraph 13 of the Amended Complaint.

14.    Defendant denies having knowledge or information as to the truth or falsity of the

3

allegations in Paragraph 14 of the Amended Complaint and therefore denies the same.

15.    Defendant denies having knowledge or information as to the truth or falsity of the allegations in Paragraph 15 of the Amended Complaint and therefore denies the same.

16.    Defendant denies the allegations in Paragraph 16 of the Amended Complaint, except Defendant admits that on or about March 14, 2002 Plaintiff received a telephone call from the new Editor-in-Chief of MBA Jungle, Vince Bielski.

17.    Defendant denies the allegations in Paragraph 18 of the Amended Complaint, except Defendant admits that Mr. Bielski advised Plaintiff that he had learned of McGraw-Hill's possible publication of a book containing "What B-School Didn't Teach Me" materials written by Plaintiff for MBA Jungle and that Plaintiff's publication of a book containing such materials without the prior written permission of MBA Jungle's Editor-in-Chief would constitute a breach of Plaintiff's contracts with Defendant.

18.    Defendant denies the allegations in Paragraph 18 of the Amended Complaint, except Defendant admits that in his conversation with Mr. Bielski Plaintiff claimed that the Freelance Agreements did not prevent him from publishing a book containing materials he had written for MBA Jungle and that he had discussed working on such a book with MBA Jungle's previous Editor-in-Chief Bill Shapiro, and Defendant further avers that Mr. Bielski stated to Plaintiff that it had always been understood that publication of any such book was subject to the written permission of MBA Jungle's Editor-in-Chief and that Plaintiff had obtained no such permission from Mr. Shapiro or anyone else associated with Jungle.

19.    Defendant denies the allegations in Paragraph 19 of the Amended Complaint, except Defendant admits that Plaintiff's counsel sent a letter dated March 15, 2002 to Vince Bielski and that

4

a true and correct copy of such letter, which speaks for itself, is attached as Exhibit B to the Amended Complaint.

20.     Defendant denies the allegations in Paragraph 20 of the Amended Complaint, except Defendant admits that Defendant's counsel forwarded to McGraw-Hill, with a copy to McGraw-Hill's General Counsel, a letter dated March 15, 2002, and that a true and correct copy of such letter, which speaks for itself, is attached as Exhibit C to the Amended Complaint.

21.     Defendant denies the allegations in Paragraph 21 of the Amended Complaint, except Defendant admits that Plaintiff's counsel forwarded to Defendant's counsel a letter dated March 15, 2002, and that a true and correct copy of such letter, which speaks for itself, is attached as Exhibit D to the Amended Complaint.

22.     Defendant denies the allegations in Paragraph 22 of the Amended Complaint, except Defendant admits that Plaintiff's counsel forwarded to Defendant's counsel a letter dated March 19, 2002, and that a true and correct copy of such letter, which speaks for itself, is attached as Exhibit E to the Amended Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Amended Complaint, except Defendant admits that Jon Housman telephoned Danielle Egan-Miller on March 19, 2002.

24.     Defendant denies the allegations in Paragraph 24 of the Amended Complaint, except Defendant admits that Plaintiff's counsel telephoned Defendant's counsel on March 19, 2002 and then forwarded to Defendant's counsel a second letter dated March 19, 2002, and that a true and correct copy of such letter, which speaks for itself, is attached as Exhibit F to the Amended Complaint.

25.     Defendant denies the allegations in Paragraph 25 of the Amended Complaint, except

Defendant admits that Defendant's counsel forwarded to Plaintiff's counsel a letter dated March 20, 2002, and that a true and correct copy of such letter, which speaks for itself, is attached as Exhibit G to the Amended Complaint.

      26.     Defendant denies the allegations in Paragraph 26 of the Amended Complaint.

      27.     Defendant denies having knowledge or information as to the truth or falsity of the allegations in Paragraph 27 of the Amended Complaint concerning the communication between McGraw-Hill and Plaintiff and therefore denies such allegations, except that Defendant denies the allegation in the first sentence of such Paragraph 27 insofar as it is contradicted by the very document that Plaintiff refers to in the second sentence of Paragraph 27 and attaches as Exhibit H to the Amended Complaint.

      28.     Defendant denies having knowledge or information as to the truth or falsity of the allegations in Paragraph 28 of the Amended Complaint and therefore denies the same.

      29.     Defendant denies the allegations in Paragraph 29 of the Amended Complaint

      30.     Defendant denies the allegations in Paragraph 30 of the Amended Complaint, except Defendant admits that Jon Housman sent Plaintiff an email dated May 6, 2002, that a true and correct copy of said email, which speaks for itself, is attached as Exhibit I to the Amended Complaint.

      31.     Defendant denies the allegations in Paragraph 31 of the Amended Complaint.

      32.     Defendant denies having knowledge or information as to the truth or falsity of the allegations in Paragraph 32 of the Amended Complaint and therefore denies the same.

      33.     Defendant denies having knowledge or information as to the truth or falsity of the allegations in the second sentence in Paragraph 33 of the Amended Complaint and therefore denies the same. Defendant denies the allegations in Paragraph 33 of the Amended Complaint as to Section

4.1(a), as the agreement speaks for itself.

      34.    Defendant denies the allegations in Paragraph 34 of the Amended Complaint, except Defendant admits that Plaintiff's counsel forwarded to Defendant's counsel a letter dated April 3, 2002, and that a true and correct copy of such letter, which speaks for itself, is attached as Exhibit J to the Amended Complaint.

      35.    Defendant denies the allegations in Paragraph 35 of the Amended Complaint.

      36.    Defendant denies having knowledge or information as to the truth or falsity of the allegations in Paragraph 36 of the Amended Complaint, and therefore denies the same.

      37.    Defendant denies the allegations in Paragraph 37 of the Amended Complaint.

      38.    Defendant denies the allegations in Paragraph 38 of the Amended Complaint.

      39.    Defendant incorporates each and every response set forth above.

      40.    Defendant denies the allegations in Paragraph 40 of the Amended Complaint.

      41.    Defendant denies the allegations in Paragraph 41 of the Amended Complaint.

      42.    Defendant denies the allegations in Paragraph 42 of the Amended Complaint.

      43.    Defendant denies the allegations in Paragraph 43 of the Amended Complaint.

      44.    Defendant denies the allegations in Paragraph 44 of the Amended Complaint.

      45.    Defendant denies the allegations in Paragraph 45 of the Amended Complaint.

      46.    Defendant denies the allegations in Paragraph 46 of the Amended Complaint.

      47.    Defendant denies the allegations in Paragraph 47 of the Amended Complaint.

      48.    Defendant denies the allegations in Paragraph 48 of the Amended Complaint.

      49.    Defendant denies the allegations in Paragraph 49 of the Amended Complaint.

      50.    Defendant denies the allegations in Paragraph 50 of the Amended Complaint.

51.     Defendant denies the allegations in Paragraph 51 of the Amended Complaint.

52.     Defendant denies the allegations in Paragraph 52 of the Amended Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Amended Complaint.

54.     Defendant denies the allegations in Paragraph 54 of the Amended Complaint.

55.     Defendant denies the allegations in Paragraph 55 of the Amended Complaint.

56.     Defendant denies the allegations in Paragraph 56 of the Amended Complaint.

57.     Defendant denies the allegations in Paragraph 57 of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

58.     Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

59.     The doctrine of estoppel bars recovery by or relief for Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

60.     The doctrine of equitable estoppel bars recovery by or relief for Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

61.     Plaintiff expressly covenanted that he would not have the right to republish any of the "What B-School Didn't Teach Me" materials he wrote for MBA Jungle without the written consent of MBA Jungle's Editor-in-Chief and is thus precluded from recovery or relief herein.

### FIFTH AFFIRMATIVE DEFENSE

62.     The doctrine of unclean hands bars equitable relief.

### SIXTH AFFIRMATIVE DEFENSE

63.     Defendant reserves the right to plead additional and further affirmative defenses that may become available through the course of discovery.

8

## AS AND FOR A FIRST COUNTERCLAIM
### (Breach of Contract/Breach of Covenant of Good Faith and Fair Dealing)

64.　　Defendant incorporates each and every response set forth above.

65.　　Under Paragraph 5.1 of Plaintiff's Freelance Agreements with Defendant concerning the "What B-School Didn't Teach Me" materials that he wrote for MBA Jungle (the "Freelance Agreements), following an "Exclusivity Period" (during which Plaintiff was completely barred from republishing such materials), Plaintiff has the right to authorize reuse of such materials only with the prior written permission of MBA Jungle's Editor-in-Chief.

66.　　Under Paragraph 4.1(c), (d) and (e) of those contracts, Jungle has the right to itself republish or to authorize others to republish "What B-School Didn't Teach Me" materials that Plaintiff wrote for MBA Jungle without Plaintiff's permission but subject to various contractual formulae for further compensation to Plaintiff.

67.　　By entering into the Freelance Agreements with the foregoing provisions, Plaintiff expressly acknowledged and accepted such limitations on his right to republish such "What B-School Didn't Teach Me" materials that Plaintiff wrote for MBA Jungle and acknowledged and accepted MBA Jungle's right to republish such materials without Defendant's written permission.

68.　　By commencing the instant litigation, Plaintiff has intentionally engaged in conduct that has deprived and will deprive Defendant of the benefits of the Freelance Agreements.

69.　　Plaintiff has violated the covenant of good faith and fair dealing that is implicit in the Freelance Agreements, and has thereby breached his contracts with Defendant.

　　　　　　WHEREFORE, Defendant Jungle Interactive Media, Inc. demands judgment in its favor and against Plaintiff Russell Wild as follows:

9

1.      A judgment for damages in an amount to be established upon the trial herein, and dismissing Plaintiff's claim in its entirety;

2.      Prejudgment and postjudgment interest on such amount at the applicable statutory rates; and

3.      Attorneys' fees and costs concerning this action, and such other and further relief as the Court may deem appropriate.

Dated:  April 5, 2004
        New York, New York

JACOBS DEBRAUWERE LLP


By: _____
    John F. Burleigh
    445 Park Avenue, 17th Floor
    New York, NY 10022
    (212) 207-8787

    Attorneys for Defendant-Counterclaim Plaintiff
    Jungle Interactive Media, Inc.

10

**Exhibit A**

# Jungle Interactive Media, Inc.

Freelance Agreement

| | |
|---|---|
| **Writer: Russ Wild** | |
| **Address: 149½ Cedarwood Road**<br>**Allentown, Pa 18104** | *Apr. 1* ~~Elling~~ *01* |
| **Phone:610-530-0078** | |
| **Social Security Number: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** | |
| **Subject:  What B-School** | |
| **Length: 4-5 items** | |
| **Due Date: February 10, 2001** | |
| **Fee: $200** *Cack* $800 | |

MAR 08 2001

**1. SUBJECT MATTER.**°°This Freelance Agreement ( Agreement ) is between Jungle Interactive Media, Inc., ( Jungle ) and the writer noted above ( Writer ) in respect of the preparation of an article on the subject matter and of the length noted above ( Article ). Writer will submit the Article to Jungle on or before the due date noted above ( Due Date ). If the Article is not submitted on or before the Due Date, Jungle may, at its option, immediately terminate this Agreement and have no obligation to Writer whatsoever.

**2. ACCEPTANCE.**°°Upon receipt of the Article, Jungle may, if the writing or research of the Writer does not meet the expectations of the editor, request that Writer make revisions to the Article, or reject the Article. If Jungle rejects the Article, all rights in and to the Article will revert to Writer. Jungle s acceptance of an Article shall not require Jungle to use or otherwise publish the Article.

**3. PAYMENT.**°°If Jungle accepts the Article, Jungle will pay to Writer upon acceptance the fee noted above (the Fee ). If the Article is not accepted, Jungle will pay to Writer thirty-three percent (33%) of the Fee. The Fee constitutes full and complete payment for the rights granted in this Agreement. In order to receive reimbursement for any expenses Writer incurs in connection with the Article, Writer must (a) receive Jungle s prior permission for such expenses and (b) submit proper documentation of such expenses, as Jungle may reasonably require.

## 4.  GRANT OF RIGHTS.

**4.1.**    Writer hereby grants to Jungle the following rights in the Article, throughout the world:

**(a)** The exclusive right to first publish the Article, both electronically and in print, which exclusivity lasts from the date of this Agreement until ninety (90) days beyond the first publication of the Article in either medium noted above, whichever is earlier ( Exclusivity Period ). Writer will not allow anyone else to publish or use the Article or any portions thereof or in any medium until after the expiration of the Exclusivity Period. If the article has not been published within one year of the signing of this contract, this contract shall be re-negotiated.

**(b)** The right to include all or portions of the Article in promotional and advertising materials of Jungle, on Jungle s web site or other electronic site, or in other materials that Jungle distributes or makes available without charge and to license Jungle s partners to reproduce and display the Article on such partners  web sites or other electronic sites that are provided without charge.

**(c)** The right, for an amount equal to forty percent (40%) of the Fee, to republish the Article in any different printed publication; future edition; or as part of a collection, compendium or other

compilation; or to allow any partner to republish the Article in such partner s printed publications, provided such collection, compendium, or other compilation does not consist solely of Writer s work.

(d) The right to authorize the translation and republication of the Article in any non-English publication or web site for which Jungle will pay to Writer an additional sum in the amount of twenty percent (20%) of the proceeds that Jungle actually receives from the exploitation of any such reuse of the Article.

(e) The right to authorize republication of the Article in English-language publications or on third-party web sites, for which Jungle will pay Writer an additional sum in the amount of fifty percent (50%) of the proceeds actually received by Jungle from the exploitation of any such reuse of the Article.

(f) The right to revise, edit, modify, and check the accuracy of the Article, and Writer agrees to cooperate with Jungle in such process. To assist in accuracy checking and clearing potential legal issues, and as a condition to payment of the Fee, Writer agrees to provide Jungle with all supporting resource materials and assistance in contacting any subjects of the Article.

(g) The right to use Writer s name, likeness and biographical information in connection with the Article, and advertising and promoting the Article and Jungle.

**4.2.** Writer acknowledges and agrees that Jungle has the sole discretion to decide when, where, how, and in what medium to publish the Article.

## 5.  RESTRICTIONS.

**5.1.** Writer is free to advertise, solicit business and contract to provide services to other persons and businesses. In addition to restrictions during the Exclusivity Period, Writer shall not authorize the use of the Article, at any time, in any publication, web site or other means of distribution by any business-oriented web site or print publication, without the prior written permission of the Editor in Chief.

**5.2.** On any subsequent grant of rights of any nature in the Article (including without limitation, reprint, movie and other derivative rights), Writer will include in any contract with the subsequent user an express requirement that the subsequent user credit Jungle as the original publisher of the Article. Such credit will appear in any subsequent reproduction of the Article.

## 6.  WARRANTY/INDEMNITY.

**6.1.** Author represents and warrants that the Article (a) is Writer s original work, (b) is written solely by Writer (except for material in the public domain or used with the permission of the owner for which Writer has creditable documentation), (c) is accurate, (d) will not have been published previously in any form, (e) has not been previously sold, assigned, licensed, pledged or otherwise encumbered by Writer, and (f) will not infringe upon the personal or proprietary rights of or give rise to any claim by any third party. Writer also represents and warrants that he/she has the full power to enter into this Agreement and this Agreement does not conflict with any other agreements that Writer has entered.

**6.2.** Writer will indemnify and hold Jungle harmless against any third party claims, actions, judgments, damages, costs and expenses (including reasonable attorneys fees) brought against or incurred by Jungle arising out of or in connection with (a) Writer s failure to obtain approval from subjects of such Article, or (b) for breach of any of the representations and warranties set out in Section 6.1 above, except to the extent that any such breach or violation arises directly from material, uses or revisions for which Jungle is responsible.

## 7.  GENERAL PROVISIONS.

**7.1.** Relationship of Parties. The parties hereto shall each be independent contractors in the performance of their obligations under this Agreement, and nothing contained herein shall be deemed to constitute Writer as an employee or agent of Jungle, and Writer shall not claim any of the rights, privileges or benefits of an employee of Jungle. Writer is responsible for payment and withholding of all

income, employment and other taxes. Writer shall be solely responsible for all of Writer s actions and omissions in connection with the preparation of the Article, and Jungle shall have no liability to Writer or any third party in connection therewith.

**7.2.**    Assignment.**Writer may not assign or transfer, in whole or in part, any rights or obligations under this Agreement without the prior written consent of Jungle. Any assignment in violation of this provision is void and without effect.

**7.3.**    Modification/Waiver.**No modification of this Agreement shall be effected by either party s use of any order form, invoice, purchase order, acknowledgement, or other form containing additional or different terms. This Agreement may only be modified, or any right or obligation hereunder waived, by a written document signed by both parties.

**7.4.**    Governing Law.**This Agreement shall be governed by and construed under the laws of the State of New York, without regard to conflicts of laws provisions thereof. Any disagreements or disputes arising under this Agreement shall be exclusively resolved in state or federal courts located in New York, New York.

**7.5.**    Entire Agreement.**This Agreement constitutes the entire agreement between the parties relating to the subject matter of this Agreement and supersedes all proposals, negotiations, conversations, understandings, or discussions, whether written or oral, between parties relating to the subject matter of this Agreement and all past dealing or industry custom, except for written agreement signed by the Editor in Chief or an executive officer of Jungle making reference to this Agreement and the clause to be changed.

**7.6.**    Severability.**If any provision of this Agreement is held to be invalid, illegal or unenforceable in any respect, that provision shall be limited or eliminated to the minimum extent necessary so that this Agreement shall otherwise remain in full force and effect and enforceable.

**7.7.**    Counterparts.**This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

**JUNGLE INTERACTIVE MEDIA, INC.**    **WRITER:**

By:_____    By:_____

Name: Geoffrey Morris_____    Name: Russell Wild_____

Title Senior Editor_____

Date:_____January 29, 2001_____

## Jungle Interactive Media, Inc.

Freelance Agreement

| | |
|---|---|
| **Writer:** Russ Wild | |
| **Address:** | |
| 1493 Cedarwood road | |
| Allentown, PA 18104 | |
| **Phone:** 610-530-0078 | |
| **Social Security Number:** | |
| **Subject:** What B School Didn't teach me (Dec/Jan) | |
| **Length:** 8 quotes *(handwritten: 4 - RW)* | |
| **Due Date:** ~~August 21~~ *Sept. 12 - RW* | |
| **Fee:** $800 | |

**1. SUBJECT MATTER.** This Freelance Agreement ("Agreement") is between Jungle Interactive Media, Inc., ("Jungle") and the writer noted above ("Writer") in respect of the preparation of an article on the subject matter and of the length noted above ("Article"). Writer will submit the Article to Jungle on or before the due date noted above ("Due Date"). If the Article is not submitted on or before the Due Date, Jungle may, at its option, immediately terminate this Agreement and have no obligation to Writer whatsoever.

**2. ACCEPTANCE.** Upon receipt of the Article, Jungle may~~, in its sole discretion, accept the submission,~~ request that Writer make revisions to the Article, or reject the Article. If Jungle rejects the ~~Article~~, all rights in and to the Article will revert to Writer. Jungle's acceptance of an Article shall not require Jungle to use or otherwise publish the Article. *(handwritten margin: RW / article because the writer or reason did not meet the editor's expectation (33%) RW / upon acceptance, RW)*

**3. PAYMENT.** If Jungle accepts the Article, Jungle will pay to Writer the fee noted above (the "Fee"). If the Article is not accepted, Jungle will pay to Writer *Thirty-Three* ~~twenty-five~~ percent (~~25%~~ *33%*) of the Fee. The Fee constitutes full and complete payment for the rights granted in this Agreement. In order to receive reimbursement for any expenses Writer incurs in connection with the Article, Writer must (a) receive Jungle's prior written permission for such expenses and (b) submit proper documentation of such expenses, as Jungle may reasonably require.

**4. GRANT OF RIGHTS.**

4.1.    Writer hereby grants to Jungle the following rights in the Article, throughout the world:

(a) The exclusive right to first publish the Article, both electronically and in print, which exclusivity lasts from the date of this Agreement until ninety (90) days beyond the first publication of the Article in either medium noted above, whichever is earlier ("Exclusivity Period"). Writer will not allow anyone else to publish or use the Article or any portions thereof or in any medium until after the expiration of the Exclusivity Period. *(handwritten: If article has not been published within one year of the signing of the contract this contract shall be re-negotiated RW)*

(b) The right to include all or portions of the Article in promotional and advertising materials of Jungle, on Jungle's web site or other electronic site, or in other materials that Jungle distributes or makes available without charge and to license Jungle's partners to reproduce and display the Article on such partners' web sites or other electronic sites that are provided without charge.

(c) The right, for an amount equal to twenty percent (20%) of the Fee, to republish the Article in any different printed publication; future edition; or as part of a collection, compendium or other compilation; or to allow any partner to republish the Article in such partner's printed publications, provided

(d) The right to authorize the translation and republication of the Article in any non-English publication or web site for which Jungle will pay to Writer an additional sum in the amount of twenty percent (20%) of the proceeds that Jungle actually receives from the exploitation of any such reuse of the Article.

(e) The right to authorize republication of the Article in English-language publications or on third-party web sites, for which Jungle will pay Writer an additional sum in the amount of twenty percent (20%) of the proceeds actually received by Jungle from the exploitation of any such reuse of the Article.

(f) The right to revise, edit, modify, and check the accuracy of the Article, and Writer agrees to cooperate with Jungle in such process. To assist in accuracy checking and clearing potential legal issues, and as a condition to payment of the Fee, Writer agrees to provide Jungle with all supporting resource materials and assistance in contacting any subjects of the Article.

(g) The right to use Writer's name, likeness and biographical information in connection with the Article, and advertising and promoting the Article and Jungle.

**4.2.**     Writer acknowledges and agrees that Jungle has the sole discretion to decide when, where, how, and in what medium to publish the Article.

## 5.  RESTRICTIONS.

**5.1.**     Writer is free to advertise, solicit business and contract to provide services to other persons and businesses. In addition to restrictions during the Exclusivity Period, Writer shall not authorize the use of the Article, at any time, in any publication, web site or other means of distribution by any business-oriented web site or print publication, without the prior written permission of the Editor in Chief.

**5.2.**     On any subsequent grant of rights of any nature in the Article (including without limitation, reprint, movie and other derivative rights), Writer will include in any contract with the subsequent user an express requirement that the subsequent user credit Jungle as the original publisher of the Article. Such credit will appear on the first page in any subsequent reproduction of the Article.

## 6.  WARRANTY/INDEMNITY.

**6.1.**     Author represents and warrants that the Article (a) is Writer's original work, (b) is written solely by Writer (except for material in the public domain or used with the permission of the owner for which Writer has creditable documentation), (c) is accurate, (d) will not have been published previously in any form, (e) has not been previously sold, assigned, licensed, pledged or otherwise encumbered by Writer, and (f) will not infringe upon the personal or proprietary rights of or give rise to any claim by any third party. Writer also represents and warrants that he/she has the full power to enter into this Agreement and this Agreement does not conflict with any other agreements that Writer has entered.

**6.2.**     Writer will indemnify and hold Jungle harmless against any third party claims, actions, judgments, damages, costs and expenses (including reasonable attorneys' fees) brought against or incurred by Jungle arising out of or in connection with (a) Writer's failure to obtain approval from subjects of such Article, or (b) for breach of any of the representations and warranties set out in Section 6.1 above, except to the extent that any such breach or violation arises directly from material, uses or revisions for which Jungle is responsible.

## 7.  GENERAL PROVISIONS.

**7.1.**     Relationship of Parties. The parties hereto shall each be independent contractors in the performance of their obligations under this Agreement, and nothing contained herein shall be deemed to constitute Writer as an employee or agent of Jungle, and Writer shall not claim any of the rights,

privileges or benefits of an employee of Jungle. Writer is responsible for payment and withholding of all income, employment and other taxes. Writer shall be solely responsible for all of Writer's actions and omissions in connection with the preparation of the Article, and Jungle shall have no liability to Writer or any third party in connection therewith.

**7.2.**    Assignment. Writer may not assign or transfer, in whole or in part, any rights or obligations under this Agreement without the prior written consent of Jungle. Any assignment in violation of this provision is void and without effect.

**7.3.**    Modification/Waiver. No modification of this Agreement shall be effected by either party's use of any order form, invoice, purchase order, acknowledgement, or other form containing additional or different terms. This Agreement may only be modified, or any right or obligation hereunder waived, by a written document signed by both parties.

**7.4.**    Governing Law. This Agreement shall be governed by and construed under the laws of the State of New York, without regard to conflicts of laws provisions thereof. Any disagreements or disputes arising under this Agreement shall be exclusively resolved in state or federal courts located in New York, New York.

**7.5.**    Entire Agreement. This Agreement constitutes the entire agreement between the parties relating to the subject matter of this Agreement and supersedes all proposals, negotiations, conversations, understandings, or discussions, whether written or oral, between parties relating to the subject matter of this Agreement and all past dealing or industry custom, except for written agreement signed by the Editor in Chief or an executive officer of Jungle making reference to this Agreement and the clause to be changed.

**7.6.**    Severability. If any provision of this Agreement is held to be invalid, illegal or unenforceable in any respect, that provision shall be limited or eliminated to the minimum extent necessary so that this Agreement shall otherwise remain in full force and effect and enforceable.

**7.7.**    Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

JUNGLE INTERACTIVE MEDIA, INC.

By:

Name:

Title

Date:

WRITER:

By:

Name: _Russell Wild_      8/12/00

SS # 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

# Jungle Interactive Media, Inc.

Freelance Agreement

| | |
|---|---|
| **Writer:** Russ Wild | |
| 1493  **Address:** 1494 Cedarwood road, Allentown 18104  ^PA | |
| **Phone:** 610-530-0078 | |
| **Social Security Number:** 126 - 76 - 2818 | |
| **Subject:** What B-School Didn't teach me | |
| **Length:** 800 words | |
| **Due Date:** July 14 | |
| **Fee:** $900  $800 | |

**1. SUBJECT MATTER.** This Freelance Agreement ("Agreement") is between Jungle Interactive Media, Inc., ("Jungle") and the writer noted above ("Writer") in respect of the preparation of an article on the subject matter and of the length noted above ("Article"). Writer will submit the Article to Jungle on or before the due date noted above ("Due Date"). If the Article is not submitted on or before the Due Date, Jungle may, at its option, immediately terminate this Agreement and have no obligation to Writer whatsoever. *if Article does not meet the*

**2. ACCEPTANCE.** Upon receipt of the Article, Jungle may, ~~in its sole discretion, accept the~~ *specifics* submission, request that Writer make revisions to the Article, or reject the Article. If Jungle rejects the *set forth* Article, all rights in and to the Article will revert to Writer. Jungle's acceptance of an Article shall not *by the* require Jungle to use or otherwise publish the Article. *thirty-three (33%) - RW* *Editor,* *└ RW*

**3. PAYMENT.** If Jungle accepts the Article, Jungle will pay to Writer the fee noted above (the "Fee"). If the Article is not accepted, Jungle will pay to Writer ~~twenty-five percent (25%)~~ of the Fee. The Fee constitutes full and complete payment for the rights granted in this Agreement. In order to receive reimbursement for any expenses Writer incurs in connection with the Article, Writer must (a) receive *RW* Jungle's prior ~~written~~ permission for such expenses and (b) submit proper documentation of such expenses, as Jungle may reasonably require. *└ upon acceptance RW*

**4. GRANT OF RIGHTS.**

**4.1.** Writer hereby grants to Jungle the following rights in the Article, throughout the world:

(a) The exclusive right to first publish the Article, both electronically and in print, which exclusivity lasts from the date of this Agreement until ninety (90) days beyond the first publication of the Article in either medium noted above, whichever is earlier ("Exclusivity Period"). Writer will not allow anyone else to publish or use the Article or any portions thereof or in any medium until after the expiration of the Exclusivity Period. *If Article has not been published within one year* *of this*

*RW* (b) The right to include ~~all or~~ portions of the Article in promotional and advertising materials of *Agreemen* Jungle, on Jungle's web site or other electronic site, or in other materials that Jungle distributes or makes *then th* available without charge and to license Jungle's partners to reproduce and display the Article on such *Agreeme.* partners' web sites or other electronic sites that are provided without charge. *shall be subject to re-negotiat. RW*

40

(c)  The right, for an amount equal to twenty percent (20%) of the Fee, to republish the Article in any different printed publication; future edition; or as part of a collection, compendium or other compilation; or to allow any partner to republish the Article in such partner's printed publications. *This right doe[s] not ext[end] to a compilation or collection or compndi. constituing solely of Authors work.* RW

(d)  The right to authorize the translation and republication of the Article in any non-English publication or web site for which Jungle will pay to Writer an additional sum in the amount of twenty percent (20%) of the proceeds that Jungle actually receives from the exploitation of any such reuse of the Article. *fifty 50* RW

(e)  The right to authorize republication of the Article in English-language publications or on third-party web sites, for which Jungle will pay Writer an additional sum in the amount of twenty percent (20%) of the proceeds actually received by Jungle from the exploitation of any such reuse of the Article.

(f)  The right to revise, edit, modify, and check the accuracy of the Article, and Writer agrees to cooperate with Jungle in such process. To assist in accuracy checking and clearing potential legal issues, and as a condition to payment of the Fee, Writer agrees to provide Jungle with all supporting resource materials and assistance in contacting any subjects of the Article.

(g)  The right to use Writer's name, likeness and biographical information in connection with the Article, and advertising and promoting the Article and Jungle.

**4.2.**    Writer acknowledges and agrees that Jungle has the sole discretion to decide when, where, how, and in what medium to publish the Article.

## 5.  RESTRICTIONS.

**5.1.**    Writer is free to advertise, solicit business and contract to provide services to other persons and businesses. In addition to restrictions during the Exclusivity Period, Writer shall not authorize the use of the Article, at any time, in any publication, web site or other means of distribution by any business-oriented web site or print publication, without the prior written permission of the Editor in Chief.

**5.2.**    On any subsequent grant of rights of any nature in the Article (including without limitation, reprint, movie and other derivative rights), Writer will include in any contract with the subsequent user an express requirement that the subsequent user credit Jungle as the original publisher of the Article. Such credit will appear on the first page in any subsequent reproduction of the Article. RW

## 6.  WARRANTY/INDEMNITY.

**6.1.**    Author represents and warrants that the Article (a) is Writer's original work, (b) is written solely by Writer (except for material in the public domain or used with the permission of the owner for which Writer has creditable documentation), (c) is accurate, (d) will not have been published previously in any form, (e) has not been previously sold, assigned, licensed, pledged or otherwise encumbered by Writer, and (f) will not infringe upon the personal or proprietary rights of or give rise to any claim by any third party. Writer also represents and warrants that he/she has the full power to enter into this Agreement and this Agreement does not conflict with any other agreements that Writer has entered.

**6.2.**    Writer will indemnify and hold Jungle harmless against any third party claims, actions, judgments, damages, costs and expenses (including reasonable attorneys' fees) brought against or incurred by Jungle arising out of or in connection with (a) Writer's failure to obtain approval from subjects of such Article, or (b) for breach of any of the representations and warranties set out in Section 6.1 above, except to the extent that any such breach or violation arises directly from material, uses or revisions for which Jungle is responsible.

## 7.  GENERAL PROVISIONS.

**7.1.**    Relationship of Parties. The parties hereto shall each be independent contractors in the performance of their obligations under this Agreement, and nothing contained herein shall be deemed to constitute Writer as an employee or agent of Jungle, and Writer shall not claim any of the rights,

privileges or benefits of an employee of Jungle. Writer is responsible for payment and withholding of all income, employment and other taxes. Writer shall be solely responsible for all of Writer's actions and omissions in connection with the preparation of the Article, and Jungle shall have no liability to Writer or any third party in connection therewith.

**7.2.** Assignment. Writer may not assign or transfer, in whole or in part, any rights or obligations under this Agreement without the prior written consent of Jungle. Any assignment in violation of this provision is void and without effect.

**7.3.** Modification/Waiver. No modification of this Agreement shall be effected by either party's use of any order form, invoice, purchase order, acknowledgement, or other form containing additional or different terms. This Agreement may only be modified, or any right or obligation hereunder waived, by a written document signed by both parties.

**7.4.** Governing Law. This Agreement shall be governed by and construed under the laws of the State of New York, without regard to conflicts of laws provisions thereof. Any disagreements or disputes arising under this Agreement shall be exclusively resolved in state or federal courts located in New York, New York.

**7.5.** Entire Agreement. This Agreement constitutes the entire agreement between the parties relating to the subject matter of this Agreement and supersedes all proposals, negotiations, conversations, understandings, or discussions, whether written or oral, between parties relating to the subject matter of this Agreement and all past dealing or industry custom, except for written agreement signed by the Editor in Chief or an executive officer of Jungle making reference to this Agreement and the clause to be changed.

**7.6.** Severability. If any provision of this Agreement is held to be invalid, illegal or unenforceable in any respect, that provision shall be limited or eliminated to the minimum extent necessary so that this Agreement shall otherwise remain in full force and effect and enforceable.

**7.7.** Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

JUNGLE INTERACTIVE MEDIA, INC.

By: _____

Name: _____

Title _____

Date: _____

WRITER:

By: _____ 6/23/00

Name: _Russell  Wild_

# Jungle Interactive Media, Inc.

Freelance Agreement

| | |
|---|---|
| **Writer:** Russ Wild | |
| **Address:** 1494 Cedarwood road | |
|     Allentown, PA 18104 | |
| **Phone:** 610-530-0078 | |
| **Social Security Number:** | |
| **Subject:** What B School Didn't Teach Me | |
| **Length:** 5 quotes from experts | |
| **Due Date:** June 12, 2000 | |
| **Fee:** $1000 | |

**1. SUBJECT MATTER.** This Freelance Agreement ("Agreement") is between Jungle Interactive Media, Inc., ("Jungle") and the writer noted above ("Writer") in respect of the preparation of an article on the subject matter and of the length noted above ("Article"). Writer will submit the Article to Jungle on or before the due date noted above ("Due Date"). If the Article is not submitted on or before the Due Date, Jungle may, at its option, immediately terminate this Agreement and have no obligation to Writer whatsoever. *(handwritten: if the writing or research of the Author have not me- the expectati of his editor,)*

**2. ACCEPTANCE.** Upon receipt of the Article, Jungle may, ~~in its sole discretion, accept the submission~~, request that Writer make revisions to the Article, or reject the Article. If Jungle rejects the Article, all rights in and to the Article will revert to Writer. Jungle's acceptance of an Article shall not require Jungle to use or otherwise publish the Article. *(handwritten: upon acceptance - RW)*

**3. PAYMENT.** If Jungle accepts the Article, Jungle will pay to Writer *(handwritten: the)* fee noted above (the "Fee"). If the Article is not accepted, Jungle will pay to Writer ~~twenty-five percent (25%)~~ of the Fee. The Fee constitutes full and complete payment for the rights granted in this Agreement. In order to receive reimbursement for any expenses Writer incurs in connection with the Article, Writer must (a) receive Jungle's prior *(RW)* ~~written~~ permission for such expenses and (b) submit proper documentation of such expenses, as Jungle may reasonably require. *(handwritten: thirty three (33%) RW)*

**4. GRANT OF RIGHTS.**

**4.1.** Writer hereby grants to Jungle the following rights in the Article, throughout the world:

(a) The exclusive right to first publish the Article, both electronically and in print, which exclusivity lasts from the date of this Agreement until ninety (90) days beyond the first publication of the Article in either medium noted above, whichever is earlier ("Exclusivity Period"). Writer will not allow anyone else to publish or use the Article or any portions thereof or in any medium until after the expiration of the Exclusivity Period. *(handwritten: If article has not been published within one year o the signing of thi contrac)*

(b) The right to include all or portions of the Article in promotional and advertising materials of Jungle, on Jungle's web site or other electronic site, or in other materials that Jungle distributes or makes available without charge and to license Jungle's partners to reproduce and display the Article on such partners' web sites or other electronic sites that are provided without charge.

(c) The right, for an amount equal to ~~twenty~~ *(RW) forty* percent (~~20%~~ *40 RW*) of the Fee, to republish the Article in any different printed publication; future edition; or as part of a collection, compendium or other compilation; or to allow any partner to republish the Article in such partner's printed publications, *(handwritten: provided that such collection, compendium or other compilation does not consist solely of Author's work. RW)*

*(handwritten right margin: this Contrac shall be renegotiate RW)*

*(handwritten: RW)*

(d) The right to authorize the translation and republication of the Article in any non-English publication or web site for which Jungle will pay to Writer an additional sum in the amount of twenty percent (20%) of the proceeds that Jungle actually receives from the exploitation of any such reuse of the Article.

(e) The right to authorize republication of the Article in English-language publications or on third-party web sites, for which Jungle will pay Writer an additional sum in the amount of ~~twenty~~ percent ~~(20%)~~ of the proceeds actually received by Jungle from the exploitation of any such reuse of the Article.

RW (50%)

(f) The right to revise, edit, modify, and check the accuracy of the Article, and Writer agrees to cooperate with Jungle in such process. To assist in accuracy checking and clearing potential legal issues, and as a condition to payment of the Fee, Writer agrees to provide Jungle with all supporting resource materials and assistance in contacting any subjects of the Article.

(g) The right to use Writer's name, likeness and biographical information in connection with the Article, and advertising and promoting the Article and Jungle.

**4.2.**    Writer acknowledges and agrees that Jungle has the sole discretion to decide when, where, how, and in what medium to publish the Article.

## 5.  RESTRICTIONS.

**5.1.**    Writer is free to advertise, solicit business and contract to provide services to other persons and businesses. In addition to restrictions during the Exclusivity Period, Writer shall not authorize the use of the Article, at any time, in any publication, web site or other means of distribution by any business-oriented web site or print publication, without the prior written permission of the Editor in Chief.

**5.2.**    On any subsequent grant of rights of any nature in the Article (including without limitation, reprint, movie and other derivative rights), Writer will include in any contract with the subsequent user an express requirement that the subsequent user credit Jungle as the original publisher of the Article. Such credit will appear ~~on the first page~~ in any subsequent reproduction of the Article.

## 6.  WARRANTY/INDEMNITY.

**6.1.**    Author represents and warrants that the Article (a) is Writer's original work, (b) is written solely by Writer (except for material in the public domain or used with the permission of the owner for which Writer has creditable documentation), (c) is accurate, (d) will not have been published previously in any form, (e) has not been previously sold, assigned, licensed, pledged or otherwise encumbered by Writer, and (f) will not infringe upon the personal or proprietary rights of or give rise to any claim by any third party. Writer also represents and warrants that he/she has the full power to enter into this Agreement and this Agreement does not conflict with any other agreements that Writer has entered.

**6.2.**    Writer will indemnify and hold Jungle harmless against any third party claims, actions, judgments, damages, costs and expenses (including reasonable attorneys' fees) brought against or incurred by Jungle arising out of or in connection with (a) Writer's failure to obtain approval from subjects of such Article, or (b) for breach of any of the representations and warranties set out in Section 6.1 above, except to the extent that any such breach or violation arises directly from material, uses or revisions for which Jungle is responsible.

## 7.  GENERAL PROVISIONS.

**7.1.**    Relationship of Parties. The parties hereto shall each be independent contractors in the performance of their obligations under this Agreement, and nothing contained herein shall be deemed to constitute Writer as an employee or agent of Jungle, and Writer shall not claim any of the rights, privileges or benefits of an employee of Jungle. Writer is responsible for payment and withholding of all income, employment and other taxes. Writer shall be solely responsible for all of Writer's actions and

omissions in connection with the preparation of the Article, and Jungle shall have no liability to Writer or any third party in connection therewith.

**7.2.**    Assignment. Writer may not assign or transfer, in whole or in part, any rights or obligations under this Agreement without the prior written consent of Jungle. Any assignment in violation of this provision is void and without effect.

**7.3.**    Modification/Waiver. No modification of this Agreement shall be effected by either party's use of any order form, invoice, purchase order, acknowledgement, or other form containing additional or different terms. This Agreement may only be modified, or any right or obligation hereunder waived, by a written document signed by both parties.

**7.4.**    Governing Law. This Agreement shall be governed by and construed under the laws of the State of New York, without regard to conflicts of laws provisions thereof. Any disagreements or disputes arising under this Agreement shall be exclusively resolved in state or federal courts located in New York, New York.

**7.5.**    Entire Agreement. This Agreement constitutes the entire agreement between the parties relating to the subject matter of this Agreement and supersedes all proposals, negotiations, conversations, understandings, or discussions, whether written or oral, between parties relating to the subject matter of this Agreement and all past dealing or industry custom, except for written agreement signed by the Editor in Chief or an executive officer of Jungle making reference to this Agreement and the clause to be changed.

**7.6.**    Severability. If any provision of this Agreement is held to be invalid, illegal or unenforceable in any respect, that provision shall be limited or eliminated to the minimum extent necessary so that this Agreement shall otherwise remain in full force and effect and enforceable.

**7.7.**    Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

**JUNGLE INTERACTIVE MEDIA, INC.**

By:_____

Name:_____

Title_____

Date:_____

**WRITER:**

By:_____

Name:___Russell Wild___  6/5/00

SS # 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

# Jungle Interactive Media, Inc.

Freelance Agreement

| | |
|---|---|
| **Writer: Russ Wild** | |
| **Address: 1494 Cedarwood Road** **Allentown, Pa 18104** | Feb. 2001 |
| **Phone:610-530-0078** | |
| **Social Security Number: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** | |
| **Subject: "The One Thing" (quotes from professors)** | NOV 14 2000 |
| **Length: 14 items from different professors** | |
| **Due Date: October 6, 2000** | |
| **Fee: $2100** | |

**1. SUBJECT MATTER.** This Freelance Agreement ("Agreement") is between Jungle Interactive Media, Inc., ("Jungle") and the writer noted above ("Writer") in respect of the preparation of an article on the subject matter and of the length noted above ("Article"). Writer will submit the Article to Jungle on or before the due date noted above ("Due Date"). If the Article is not submitted on or before the Due Date, Jungle may, at its option, immediately terminate this Agreement and have no obligation to Writer whatsoever.

**2. ACCEPTANCE.** Upon receipt of the Article, Jungle may, if the writing or research of the Writer does not meet the expectations of the editor, request that Writer make revisions to the Article, or reject the Article. If Jungle rejects the Article, all rights in and to the Article will revert to Writer. Jungle's acceptance of an Article shall not require Jungle to use or otherwise publish the Article.

**3. PAYMENT.** If Jungle accepts the Article, Jungle will pay to Writer upon acceptance the fee noted above (the "Fee"). If the Article is not accepted, Jungle will pay to Writer thirty-three percent (33%) of the Fee. The Fee constitutes full and complete payment for the rights granted in this Agreement. In order to receive reimbursement for any expenses Writer incurs in connection with the Article, Writer must (a) receive Jungle's prior permission for such expenses and (b) submit proper documentation of such expenses, as Jungle may reasonably require.

**4. GRANT OF RIGHTS.**

**4.1.**    Writer hereby grants to Jungle the following rights in the Article, throughout the world:

**(a)**  The exclusive right to first publish the Article, both electronically and in print, which exclusivity lasts from the date of this Agreement until ninety (90) days beyond the first publication of the Article in either medium noted above, whichever is earlier ("Exclusivity Period"). Writer will not allow anyone else to publish or use the Article or any portions thereof or in any medium until after the expiration of the Exclusivity Period. If the article has not been published within one year of the signing of this contract, this contract shall be re-negotiated.

**(b)**  The right to include all or portions of the Article in promotional and advertising materials of Jungle, on Jungle's web site

or other electronic site, or in other materials that Jungle distributes or makes available without charge and to license Jungle's partners to reproduce and display the Article on such partners' web sites or other electronic sites that are provided without charge.

(c)    The right, for an amount equal to forty percent (40%) of the Fee, to republish the Article in any different printed publication; future edition; or as part of a collection, compendium or other compilation; or to allow any partner to republish the Article in such partner's printed publications, provided such collection, compendium, or other compilation does not consist solely of Writer's work.

(d)    The right to authorize the translation and republication of the Article in any non-English publication or web site for which Jungle will pay to Writer an additional sum in the amount of twenty percent (20%) of the proceeds that Jungle actually receives from the exploitation of any such reuse of the Article.

(e)    The right to authorize republication of the Article in English-language publications or on third-party web sites, for which Jungle will pay Writer an additional sum in the amount of fifty percent (50%) of the proceeds actually received by Jungle from the exploitation of any such reuse of the Article.

(f)    The right to revise, edit, modify, and check the accuracy of the Article, and Writer agrees to cooperate with Jungle in such process.    To assist in accuracy checking and clearing potential legal issues, and as a condition to payment of the Fee, Writer agrees to provide Jungle with all supporting resource materials and assistance in contacting any subjects of the Article.

(g)    The right to use Writer's name, likeness and biographical information in connection with the Article, and advertising and promoting the Article and Jungle.

**4.2.**    Writer acknowledges and agrees that Jungle has the sole discretion to decide when, where, how, and in what medium to publish the Article.

**5. RESTRICTIONS.**

**5.1.**    Writer is free to advertise, solicit business and contract to provide services to other persons and businesses.    In addition to restrictions during the Exclusivity Period, Writer shall not authorize the use of the Article, at any time, in any publication, web site or other means of distribution  by any business-oriented web site or print publication, without the prior written permission of the Editor in Chief.

**5.2.**    On any subsequent grant of rights of any nature in the Article (including without limitation, reprint, movie and other derivative rights), Writer will include in any contract with the subsequent user an express requirement that the subsequent user credit Jungle as the original publisher of the Article.    Such credit will appear in any subsequent reproduction of the Article.

**6. WARRANTY/INDEMNITY.**

**6.1.**    Author represents and warrants that the Article (a) is Writer's original work, (b) is written solely by Writer (except for material in the public domain or used with the permission of the owner for which Writer has creditable documentation), (c) is accurate, (d)

will not have been published previously in any form, (e) has not been previously sold, assigned, licensed, pledged or otherwise encumbered by Writer, and (f) will not infringe upon the personal or proprietary rights of or give rise to any claim by any third party. Writer also represents and warrants that he/she has the full power to enter into this Agreement and this Agreement does not conflict with any other agreements that Writer has entered.

**6.2.**         Writer will indemnify and hold Jungle harmless against any third party claims, actions, judgments, damages, costs and expenses (including reasonable attorneys' fees) brought against or incurred by Jungle arising out of or in connection with (a) Writer's failure to obtain approval from subjects of such Article, or (b) for breach of any of the representations and warranties set out in Section 6.1 above, except to the extent that any such breach or violation arises directly from material, uses or revisions for which Jungle is responsible.

## 7. GENERAL PROVISIONS.

**7.1.**         Relationship of Parties. The parties hereto shall each be independent contractors in the performance of their obligations under this Agreement, and nothing contained herein shall be deemed to constitute Writer as an employee or agent of Jungle, and Writer shall not claim any of the rights, privileges or benefits of an employee of Jungle. Writer is responsible for payment and withholding of all income, employment and other taxes. Writer shall be solely responsible for all of Writer's actions and omissions in connection with the preparation of the Article, and Jungle shall have no liability to Writer or any third party in connection therewith.

**7.2.**         Assignment. Writer may not assign or transfer, in whole or in part, any rights or obligations under this Agreement without the prior written consent of Jungle. Any assignment in violation of this provision is void and without effect.

**7.3.**         Modification/Waiver. No modification of this Agreement shall be effected by either party's use of any order form, invoice, purchase order, acknowledgement, or other form containing additional or different terms. This Agreement may only be modified, or any right or obligation hereunder waived, by a written document signed by both parties.

**7.4.**         Governing Law. This Agreement shall be governed by and construed under the laws of the State of New York, without regard to conflicts of laws provisions thereof. Any disagreements or disputes arising under this Agreement shall be exclusively resolved in state and federal courts located in New York, New York.

**7.5.**         Entire Agreement. This Agreement constitutes the entire agreement between the parties relating to the subject matter of this Agreement and supersedes all proposals, negotiations, conversations, understandings, or discussions, whether written or oral, between parties relating to the subject matter of this Agreement and all past dealing or industry custom, except for written agreement signed by the Editor in Chief or an executive officer of Jungle making reference to this Agreement and the clause to be changed.

**7.6.**         Severability. If any provision of this Agreement is held to be invalid, illegal or unenforceable in any respect, that provision shall be limited or eliminated to the minimum extent necessary so that

this Agreement shall otherwise remain in full force and effect and
enforceable.

7.7.    Counterparts. This Agreement may be executed in one or
more counterparts, each of which shall be deemed an original, but all
of which taken together shall constitute one and the same instrument.

JUNGLE INTERACTIVE MEDIA, INC.          WRITER:

By: _____              By: _____

Name: Geoffrey Morris_____           Name: Russell Wild_____

Title Senior Editor_____

Date:____September 11, 2000_____

## Jungle Interactive Media, Inc.

Freelance Agreement

| | |
|---|---|
| **Writer: Russ Wild** | |
| **Address: 1494 Cedarwood Road** **Allentown, Pa 18104** | *Feb 01* |
| **Phone:610-530-0078** | |
| **Social Security Number: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** | |
| **Subject:  What B-School Didn t Teach Me** | |
| **Length: 4 items from well known people or companies** | |
| **Due Date: November 29, 2000** | |
| **Fee: $200 each item** | |

**1.  SUBJECT MATTER.**˙˙This Freelance Agreement ( Agreement ) is between Jungle Interactive Media, Inc., ( Jungle ) and the writer noted above ( Writer ) in respect of the preparation of an article on the subject matter and of the length noted above ( Article ).  Writer will submit the Article to Jungle on or before the due date noted above ( Due Date ).  If the Article is not submitted on or before the Due Date, Jungle may, at its option, immediately terminate this Agreement and have no obligation to Writer whatsoever.

**2.  ACCEPTANCE.**˙˙Upon receipt of the Article, Jungle may, if the writing or research of the Writer does not meet the expectations of the editor, request that Writer make revisions to the Article, or reject the Article.  If Jungle rejects the Article, all rights in and to the Article will revert to Writer.  Jungle s acceptance of an Article shall not require Jungle to use or otherwise publish the Article.

**3.  PAYMENT.**˙˙If Jungle accepts the Article, Jungle will pay to Writer upon acceptance the fee noted above (the Fee ).  If the Article is not accepted, Jungle will pay to Writer thirty-three percent (33%) of the Fee.  The Fee constitutes full and complete payment for the rights granted in this Agreement.  In order to receive reimbursement for any expenses Writer incurs in connection with the Article, Writer must (a) receive Jungle s prior permission for such expenses and (b) submit proper documentation of such expenses, as Jungle may reasonably require.

**4.  GRANT OF RIGHTS.**

**4.1.**    Writer hereby grants to Jungle the following rights in the Article, throughout the world:

(a) The exclusive right to first publish the Article, both electronically and in print, which exclusivity lasts from the date of this Agreement until ninety (90) days beyond the first publication of the Article in either medium noted above, whichever is earlier ( Exclusivity Period ).  Writer will not allow anyone else to publish or use the Article or any portions thereof or in any medium until after the expiration of the Exclusivity Period. If the article has not been published within one year of the signing of this contract, this contract shall be re-negotiated.

(b) The right to include all or portions of the Article in promotional and advertising materials of Jungle, on Jungle s web site or other electronic site, or in other materials that Jungle distributes or makes available without charge and to license Jungle s partners to reproduce and display the Article on such partners  web sites or other electronic sites that are provided without charge.

(c) The right, for an amount equal to forty percent (40%) of the Fee, to republish the Article in any different printed publication; future edition; or as part of a collection, compendium or other

compilation; or to allow any partner to republish the Article in such partner s printed publications, provided such collection, compendium, or other compilation does not consist solely of Writer s work.

(d) The right to authorize the translation and republication of the Article in any non-English publication or web site for which Jungle will pay to Writer an additional sum in the amount of twenty percent (20%) of the proceeds that Jungle actually receives from the exploitation of any such reuse of the Article.

(e) The right to authorize republication of the Article in English-language publications or on third-party web sites, for which Jungle will pay Writer an additional sum in the amount of fifty percent (50%) of the proceeds actually received by Jungle from the exploitation of any such reuse of the Article.

(f) The right to revise, edit, modify, and check the accuracy of the Article, and Writer agrees to cooperate with Jungle in such process. To assist in accuracy checking and clearing potential legal issues, and as a condition to payment of the Fee, Writer agrees to provide Jungle with all supporting resource materials and assistance in contacting any subjects of the Article.

(g) The right to use Writer s name, likeness and biographical information in connection with the Article, and advertising and promoting the Article and Jungle.

**4.2.** Writer acknowledges and agrees that Jungle has the sole discretion to decide when, where, how, and in what medium to publish the Article.

## 5. RESTRICTIONS.

**5.1.** Writer is free to advertise, solicit business and contract to provide services to other persons and businesses. In addition to restrictions during the Exclusivity Period, Writer shall not authorize the use of the Article, at any time, in any publication, web site or other means of distribution by any business-oriented web site or print publication, without the prior written permission of the Editor in Chief.

**5.2.** On any subsequent grant of rights of any nature in the Article (including without limitation, reprint, movie and other derivative rights), Writer will include in any contract with the subsequent user an express requirement that the subsequent user credit Jungle as the original publisher of the Article. Such credit will appear in any subsequent reproduction of the Article.

## 6. WARRANTY/INDEMNITY.

**6.1.** Author represents and warrants that the Article (a) is Writer s original work, (b) is written solely by Writer (except for material in the public domain or used with the permission of the owner for which Writer has creditable documentation), (c) is accurate, (d) will not have been published previously in any form, (e) has not been previously sold, assigned, licensed, pledged or otherwise encumbered by Writer, and (f) will not infringe upon the personal or proprietary rights of or give rise to any claim by any third party. Writer also represents and warrants that he/she has the full power to enter into this Agreement and this Agreement does not conflict with any other agreements that Writer has entered.

**6.2.** Writer will indemnify and hold Jungle harmless against any third party claims, actions, judgments, damages, costs and expenses (including reasonable attorneys fees) brought against or incurred by Jungle arising out of or in connection with (a) Writer s failure to obtain approval from subjects of such Article, or (b) for breach of any of the representations and warranties set out in Section 6.1 above, except to the extent that any such breach or violation arises directly from material, uses or revisions for which Jungle is responsible.

## 7. GENERAL PROVISIONS.

**7.1.** Relationship of Parties. °The parties hereto shall each be independent contractors in the performance of their obligations under this Agreement, and nothing contained herein shall be deemed to constitute Writer as an employee or agent of Jungle, and Writer shall not claim any of the rights, privileges or benefits of an employee of Jungle. Writer is responsible for payment and withholding of all

income, employment and other taxes. Writer shall be solely responsible for all of Writer s actions and omissions in connection with the preparation of the Article, and Jungle shall have no liability to Writer or any third party in connection therewith.

**7.2.** Assignment.°°Writer may not assign or transfer, in whole or in part, any rights or obligations under this Agreement without the prior written consent of Jungle. Any assignment in violation of this provision is void and without effect.

**7.3.** Modification/Waiver.°°No modification of this Agreement shall be effected by either party s use of any order form, invoice, purchase order, acknowledgement, or other form containing additional or different terms. This Agreement may only be modified, or any right or obligation hereunder waived, by a written document signed by both parties.

**7.4.** Governing Law.°°This Agreement shall be governed by and construed under the laws of the State of New York, without regard to conflicts of laws provisions thereof. Any disagreements or disputes arising under this Agreement shall be exclusively resolved in state or federal courts located in New York, New York.

**7.5.** Entire Agreement.°This Agreement constitutes the entire agreement between the parties relating to the subject matter of this Agreement and supersedes all proposals, negotiations, conversations, understandings, or discussions, whether written or oral, between parties relating to the subject matter of this Agreement and all past dealing or industry custom, except for written agreement signed by the Editor in Chief or an executive officer of Jungle making reference to this Agreement and the clause to be changed.

**7.6.** Severability.°°If any provision of this Agreement is held to be invalid, illegal or unenforceable in any respect, that provision shall be limited or eliminated to the minimum extent necessary so that this Agreement shall otherwise remain in full force and effect and enforceable.

**7.7.** Counterparts.°°This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

**JUNGLE INTERACTIVE MEDIA, INC.**

By:_____

Name: ___Geoffrey Morris_____

Title_____ Senior Editor_____

Date:_____November 9, 2000_____

**WRITER:**

By:_____

Name: Russell Wild_____

# Jungle Interactive Media, Inc.

Freelance Agreement

| | |
|---|---|
| **Writer: Russ Wild** | |
| **Address: 1494 Cedarwood Road** <br> **Allentown, Pa 18104** | March 01 |
| **Phone:610-530-0078** | |
| **Social Security Number: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** | JAN 1 2 2001 |
| **Subject:  What B-School** | |
| **Length: 45 items** | |
| **Due Date: December 29, 2000** | |
| **Fee: $200 each** | $800 |

**1.  SUBJECT MATTER.**""This Freelance Agreement ( Agreement ) is between Jungle Interactive Media, Inc., ( Jungle ) and the writer noted above ( Writer ) in respect of the preparation of an article on the subject matter and of the length noted above ( Article ).  Writer will submit the Article to Jungle on or before the due date noted above ( Due Date ).  If the Article is not submitted on or before the Due Date, Jungle may, at its option, immediately terminate this Agreement and have no obligation to Writer whatsoever.

**2.  ACCEPTANCE.**""Upon receipt of the Article, Jungle may, if the writing or research of the Writer does not meet the expectations of the editor, request that Writer make revisions to the Article, or reject the Article.  If Jungle rejects the Article, all rights in and to the Article will revert to Writer.  Jungle s acceptance of an Article shall not require Jungle to use or otherwise publish the Article.

**3.  PAYMENT.**""If Jungle accepts the Article, Jungle will pay to Writer upon acceptance the fee noted above (the Fee ).  If the Article is not accepted, Jungle will pay to Writer thirty-three percent (33%) of the Fee. The Fee constitutes full and complete payment for the rights granted in this Agreement.  In order to receive reimbursement for any expenses Writer incurs in connection with the Article, Writer must (a) receive Jungle s prior permission for such expenses and (b) submit proper documentation of such expenses, as Jungle may reasonably require.

**4.  GRANT OF RIGHTS.**

4.1.    Writer hereby grants to Jungle the following rights in the Article, throughout the world:

(a) The exclusive right to first publish the Article, both electronically and in print, which exclusivity lasts from the date of this Agreement until ninety (90) days beyond the first publication of the Article in either medium noted above, whichever is earlier ( Exclusivity Period ).  Writer will not allow anyone else to publish or use the Article or any portions thereof or in any medium until after the expiration of the Exclusivity Period. If the article has not been published within one year of the signing of this contract, this contract shall be re-negotiated.

(b) The right to include all or portions of the Article in promotional and advertising materials of Jungle, on Jungle s web site or other electronic site, or in other materials that Jungle distributes or makes available without charge and to license Jungle s partners to reproduce and display the Article on such partners web sites or other electronic sites that are provided without charge.

(c) The right, for an amount equal to forty percent (40%) of the Fee, to republish the Article in any different printed publication; future edition; or as part of a collection, compendium or other

compilation; or to allow any partner to republish the Article in such partner s printed publications, provided such collection, compendium, or other compilation does not consist solely of Writer s work.

(d) The right to authorize the translation and republication of the Article in any non-English publication or web site for which Jungle will pay to Writer an additional sum in the amount of twenty percent (20%) of the proceeds that Jungle actually receives from the exploitation of any such reuse of the Article.

(e) The right to authorize republication of the Article in English-language publications or on third-party web sites, for which Jungle will pay Writer an additional sum in the amount of fifty percent (50%) of the proceeds actually received by Jungle from the exploitation of any such reuse of the Article.

(f) The right to revise, edit, modify, and check the accuracy of the Article, and Writer agrees to cooperate with Jungle in such process. To assist in accuracy checking and clearing potential legal issues, and as a condition to payment of the Fee, Writer agrees to provide Jungle with all supporting resource materials and assistance in contacting any subjects of the Article.

(g) The right to use Writer s name, likeness and biographical information in connection with the Article, and advertising and promoting the Article and Jungle.

4.2.    Writer acknowledges and agrees that Jungle has the sole discretion to decide when, where, how, and in what medium to publish the Article.

## 5.  RESTRICTIONS.

5.1.    Writer is free to advertise, solicit business and contract to provide services to other persons and businesses. In addition to restrictions during the Exclusivity Period, Writer shall not authorize the use of the Article, at any time, in any publication, web site or other means of distribution by any business-oriented web site or print publication, without the prior written permission of the Editor in Chief.

5.2.    On any subsequent grant of rights of any nature in the Article (including without limitation, reprint, movie and other derivative rights), Writer will include in any contract with the subsequent user an express requirement that the subsequent user credit Jungle as the original publisher of the Article. Such credit will appear in any subsequent reproduction of the Article.

## 6.  WARRANTY/INDEMNITY.

6.1.    Author represents and warrants that the Article (a) is Writer s original work, (b) is written solely by Writer (except for material in the public domain or used with the permission of the owner for which Writer has creditable documentation), (c) is accurate, (d) will not have been published previously in any form, (e) has not been previously sold, assigned, licensed, pledged or otherwise encumbered by Writer, and (f) will not infringe upon the personal or proprietary rights of or give rise to any claim by any third party. Writer also represents and warrants that he/she has the full power to enter into this Agreement and this Agreement does not conflict with any other agreements that Writer has entered.

6.2.    Writer will indemnify and hold Jungle harmless against any third party claims, actions, judgments, damages, costs and expenses (including reasonable attorneys fees) brought against or incurred by Jungle arising out of or in connection with (a) Writer s failure to obtain approval from subjects of such Article, or (b) for breach of any of the representations and warranties set out in Section 6.1 above, except to the extent that any such breach or violation arises directly from material, uses or revisions for which Jungle is responsible.

## 7.  GENERAL PROVISIONS.

7.1.    Relationship of Parties. The parties hereto shall each be independent contractors in the performance of their obligations under this Agreement, and nothing contained herein shall be deemed to constitute Writer as an employee or agent of Jungle, and Writer shall not claim any of the rights, privileges or benefits of an employee of Jungle. Writer is responsible for payment and withholding of all

income, employment and other taxes. Writer shall be solely responsible for all of Writer s actions and omissions in connection with the preparation of the Article, and Jungle shall have no liability to Writer or any third party in connection therewith.

7.2.    Assignment.**Writer may not assign or transfer, in whole or in part, any rights or obligations under this Agreement without the prior written consent of Jungle. Any assignment in violation of this provision is void and without effect.

7.3.    Modification/Waiver.**No modification of this Agreement shall be effected by either party s use of any order form, invoice, purchase order, acknowledgement, or other form containing additional or different terms. This Agreement may only be modified, or any right or obligation hereunder waived, by a written document signed by both parties.

7.4.    Governing Law.**This Agreement shall be governed by and construed under the laws of the State of New York, without regard to conflicts of laws provisions thereof. Any disagreements or disputes arising under this Agreement shall be exclusively resolved in state or federal courts located in New York, New York.

7.5.    Entire Agreement.**This Agreement constitutes the entire agreement between the parties relating to the subject matter of this Agreement and supersedes all proposals, negotiations, conversations, understandings, or discussions, whether written or oral, between parties relating to the subject matter of this Agreement and all past dealing or industry custom, except for written agreement signed by the Editor in Chief or an executive officer of Jungle making reference to this Agreement and the clause to be changed.

7.6.    Severability.**If any provision of this Agreement is held to be invalid, illegal or unenforceable in any respect, that provision shall be limited or eliminated to the minimum extent necessary so that this Agreement shall otherwise remain in full force and effect and enforceable.

7.7.    Counterparts.**This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

JUNGLE INTERACTIVE MEDIA, INC.                    WRITER:

By:_____            By:_____

Name: Geoffrey Morris_____            Name: Russell Wild_____

Title Senior Editor_____

Date:_____ December 7, 2000_____

## Jungle Interactive Media, Inc.

Freelance Agreement

| | |
|---|---|
| **Writer: Russ Wild** | |
| **Address: 1494 Cedarwood Road** **Allentown, Pa 18104** | MAY 0 7 2001 |
| **Phone:610-530-0078** | |
| **Social Security Number: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** | BY: |
| **Subject: What B-School** | |
| Length: ~~ARTICLES~~ 8 - 12 items 3 | |
| Due Date: June 1, 2001 | |
| Fee: $200 each  $600 | |

1. **SUBJECT MATTER.**"This Freelance Agreement ( Agreement ) is between Jungle Interactive Media, Inc., ( Jungle ) and the writer noted above ( Writer ) in respect of the preparation of an article on the subject matter and of the length noted above ( Article ). Writer will submit the Article to Jungle on or before the due date noted above ( Due Date ). If the Article is not submitted on or before the Due Date, Jungle may, at its option, immediately terminate this Agreement and have no obligation to Writer whatsoever.

2. **ACCEPTANCE.**"Upon receipt of the Article, Jungle may, if the writing or research of the Writer does not meet the expectations of the editor, request that Writer make revisions to the Article, or reject the Article. If Jungle rejects the Article, all rights in and to the Article will revert to Writer. Jungle s acceptance of an Article shall not require Jungle to use or otherwise publish the Article.

3. **PAYMENT.**"If Jungle accepts the Article, Jungle will pay to Writer upon acceptance the fee noted above (the Fee ). If the Article is not accepted, Jungle will pay to Writer thirty-three percent (33%) of the Fee. The Fee constitutes full and complete payment for the rights granted in this Agreement. In order to receive reimbursement for any expenses Writer incurs in connection with the Article, Writer must (a) receive Jungle s prior permission for such expenses and (b) submit proper documentation of such expenses, as Jungle may reasonably require.

4. **GRANT OF RIGHTS.**

4.1.   Writer hereby grants to Jungle the following rights in the Article, throughout the world:

(a) The exclusive right to first publish the Article, both electronically and in print, which exclusivity lasts from the date of this Agreement until ninety (90) days beyond the first publication of the Article in either medium noted above, whichever is earlier ( Exclusivity Period ). Writer will not allow anyone else to publish or use the Article or any portions thereof or in any medium until after the expiration of the Exclusivity Period. If the article has not been published within one year of the signing of this contract, this contract shall be re-negotiated.

(b) The right to include all or portions of the Article in promotional and advertising materials of Jungle, on Jungle s web site or other electronic site, or in other materials that Jungle distributes or makes available without charge and to license Jungle s partners to reproduce and display the Article on such partners web sites or other electronic sites that are provided without charge.

(c) The right, for an amount equal to forty percent (40%) of the Fee, to republish the Article in any different printed publication; future edition; or as part of a collection, compendium or other

compilation; or to allow any partner to republish the Article in such partner's printed publications, provided such collection, compendium, or other compilation does not consist solely of Writer's work.

(d) The right to authorize the translation and republication of the Article in any non-English publication or web site for which Jungle will pay to Writer an additional sum in the amount of twenty percent (20%) of the proceeds that Jungle actually receives from the exploitation of any such reuse of the Article.

(e) The right to authorize republication of the Article in English-language publications or on third-party web sites, for which Jungle will pay Writer an additional sum in the amount of fifty percent (50%) of the proceeds actually received by Jungle from the exploitation of any such reuse of the Article.

(f) The right to revise, edit, modify, and check the accuracy of the Article, and Writer agrees to cooperate with Jungle in such process. To assist in accuracy checking and clearing potential legal issues, and as a condition to payment of the Fee, Writer agrees to provide Jungle with all supporting resource materials and assistance in contacting any subjects of the Article.

(g) The right to use Writer's name, likeness and biographical information in connection with the Article, and advertising and promoting the Article and Jungle.

4.2.    Writer acknowledges and agrees that Jungle has the sole discretion to decide when, where, how, and in what medium to publish the Article.

## 5.    RESTRICTIONS.

5.1.    Writer is free to advertise, solicit business and contract to provide services to other persons and businesses. In addition to restrictions during the Exclusivity Period, Writer shall not authorize the use of the Article, at any time, in any publication, web site or other means of distribution by any business-oriented web site or print publication, without the prior written permission of the Editor in Chief.

5.2.    On any subsequent grant of rights of any nature in the Article (including without limitation, reprint, movie and other derivative rights), Writer will include in any contract with the subsequent user an express requirement that the subsequent user credit Jungle as the original publisher of the Article. Such credit will appear in any subsequent reproduction of the Article.

## 6.    WARRANTY/INDEMNITY.

6.1.    Author represents and warrants that the Article (a) is Writer's original work, (b) is written solely by Writer (except for material in the public domain or used with the permission of the owner for which Writer has creditable documentation), (c) is accurate, (d) will not have been published previously in any form, (e) has not been previously sold, assigned, licensed, pledged or otherwise encumbered by Writer, and (f) will not infringe upon the personal or proprietary rights of or give rise to any claim by any third party. Writer also represents and warrants that he/she has the full power to enter into this Agreement and this Agreement does not conflict with any other agreements that Writer has entered.

6.2.    Writer will indemnify and hold Jungle harmless against any third party claims, actions, judgments, damages, costs and expenses (including reasonable attorneys' fees) brought against or incurred by Jungle arising out of or in connection with (a) Writer's failure to obtain approval from subjects of such Article, or (b) for breach of any of the representations and warranties set out in Section 6.1 above, except to the extent that any such breach or violation arises directly from material, uses or revisions for which Jungle is responsible.

## 7.    GENERAL PROVISIONS.

7.1.    Relationship of Parties. The parties hereto shall each be independent contractors in the performance of their obligations under this Agreement, and nothing contained herein shall be deemed to constitute Writer as an employee or agent of Jungle, and Writer shall not claim any of the rights, privileges or benefits of an employee of Jungle. Writer is responsible for payment and withholding of all

income, employment and other taxes. Writer shall be solely responsible for all of Writer s actions and omissions in connection with the preparation of the Article, and Jungle shall have no liability to Writer or any third party in connection therewith.

7.2.    Assignment.**Writer may not assign or transfer, in whole or in part, any rights or obligations under this Agreement without the prior written consent of Jungle. Any assignment in violation of this provision is void and without effect.

7.3.    Modification/Waiver.**No modification of this Agreement shall be effected by either party s use of any order form, invoice, purchase order, acknowledgement, or other form containing additional or different terms. This Agreement may only be modified, or any right or obligation hereunder waived, by a written document signed by both parties.

7.4.    Governing Law.**This Agreement shall be governed by and construed under the laws of the State of New York, without regard to conflicts of laws provisions thereof. Any disagreements or disputes arising under this Agreement shall be exclusively resolved in state or federal courts located in New York, New York.

7.5.    Entire Agreement.**This Agreement constitutes the entire agreement between the parties relating to the subject matter of this Agreement and supersedes all proposals, negotiations, conversations, understandings, or discussions, whether written or oral, between parties relating to the subject matter of this agreement and all past dealing or industry custom, except for written agreement signed by the Editor in Chief or an executive officer of Jungle making reference to this Agreement and the clause to be changed.

7.6.    Severability.**If any provision of this Agreement is held to be invalid, illegal or unenforceable in any respect, that provision shall be limited or eliminated to the minimum extent necessary so that this Agreement shall otherwise remain in full force and effect and enforceable.

7.7.    Counterparts.**This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

JUNGLE INTERACTIVE MEDIA, INC.

By: _____

Name: Geoffrey Morris_____

Title: Senior Editor_____

Date: _____ April 10, 2001 _____

WRITER:

By: _____

Name: Russell Wild_____

# Jungle Interactive Media, Inc.

Freelance Agreement

| | |
|---|---|
| **Writer: Russ Wild** | |
| Address: 1494 Cedarwood Road<br>Allentown, Pa 18104 | Oct 01 |
| Phone:610-530-0078 | |
| Social Security Number: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 | |
| Subject:  What B-School | |
| | |
| Length: 4-5 items | |
| Due Date: June 1, 2001 | |
| Fee: $200 each | |

**1.  SUBJECT MATTER.** This Freelance Agreement ( Agreement ) is between Jungle Interactive Media, Inc., ( Jungle ) and the writer noted above ( Writer ) in respect of the preparation of an article on the subject matter and of the length noted above ( Article ).  Writer will submit the Article to Jungle on or before the due date noted above ( Due Date ).  If the Article is not submitted on or before the Due Date, Jungle may, at its option, immediately terminate this Agreement and have no obligation to Writer whatsoever.

**2.  ACCEPTANCE.** Upon receipt of the Article, Jungle may, if the writing or research of the Writer does not meet the expectations of the editor, request that Writer make revisions to the Article, or reject the Article.  If Jungle rejects the Article, all rights in and to the Article will revert to Writer.   Jungle s acceptance of an Article shall not require Jungle to use or otherwise publish the Article.

**3.  PAYMENT.** If Jungle accepts the Article, Jungle will pay to Writer upon acceptance the fee noted above (the  Fee ).  If the Article is not accepted, Jungle will pay to Writer thirty-three percent (33%) of the Fee.  The Fee constitutes full and complete payment for the rights granted in this Agreement.  In order to receive reimbursement for any expenses Writer incurs in connection with the Article, Writer must (a) receive Jungle s prior permission for such expenses and (b) submit proper documentation of such expenses, as Jungle may reasonably require.

**4.  GRANT OF RIGHTS.**

**4.1.**     Writer hereby grants to Jungle the following rights in the Article, throughout the world:

(a) The exclusive right to first publish the Article, both electronically and in print, which exclusivity lasts from the date of this Agreement until ninety (90) days beyond the first publication of the Article in either medium noted above, whichever is earlier ( Exclusivity Period ).  Writer will not allow anyone else to publish or use the Article or any portions thereof or in any medium until after the expiration of the Exclusivity Period. If the article has not been published within one year of the signing of this contract, this contract shall be re-negotiated.

(b) The right to include all or portions of the Article in promotional and advertising materials of Jungle, on Jungle s web site or other electronic site, or in other materials that Jungle distributes or makes available without charge and to license Jungle s partners to reproduce and display the Article on such partners  web sites or other electronic sites that are provided without charge.

(c) The right, for an amount equal to forty percent (40%) of the Fee, to republish the Article in any different printed publication; future edition; or as part of a collection, compendium or other

compilation; or to allow any partner to republish the Article in such partner s printed publications, provided such collection, compendium, or other compilation does not consist solely of Writer s work.

(**d**) The right to authorize the translation and republication of the Article in any non-English publication or web site for which Jungle will pay to Writer an additional sum in the amount of twenty percent (20%) of the proceeds that Jungle actually receives from the exploitation of any such reuse of the Article.

(**e**) The right to authorize republication of the Article in English-language publications or on third-party web sites, for which Jungle will pay Writer an additional sum in the amount of fifty percent (50%) of the proceeds actually received by Jungle from the exploitation of any such reuse of the Article.

(**f**) The right to revise, edit, modify, and check the accuracy of the Article, and Writer agrees to cooperate with Jungle in such process. To assist in accuracy checking and clearing potential legal issues, and as a condition to payment of the Fee, Writer agrees to provide Jungle with all supporting resource materials and assistance in contacting any subjects of the Article.

(**g**) The right to use Writer s name, likeness and biographical information in connection with the Article, and advertising and promoting the Article and Jungle.

**4.2.**    Writer acknowledges and agrees that Jungle has the sole discretion to decide when, where, how, and in what medium to publish the Article.

## 5.  RESTRICTIONS.

**5.1.**    Writer is free to advertise, solicit business and contract to provide services to other persons and businesses. In addition to restrictions during the Exclusivity Period, Writer shall not authorize the use of the Article, at any time, in any publication, web site or other means of distribution by any business-oriented web site or print publication, without the prior written permission of the Editor in Chief.

**5.2.**    On any subsequent grant of rights of any nature in the Article (including without limitation, reprint, movie and other derivative rights), Writer will include in any contract with the subsequent user an express requirement that the subsequent user credit Jungle as the original publisher of the Article. Such credit will appear in any subsequent reproduction of the Article.

## 6.  WARRANTY/INDEMNITY.

**6.1.**    Author represents and warrants that the Article (a) is Writer s original work, (b) is written solely by Writer (except for material in the public domain or used with the permission of the owner for which Writer has creditable documentation), (c) is accurate, (d) will not have been published previously in any form, (e) has not been previously sold, assigned, licensed, pledged or otherwise encumbered by Writer, and (f) will not infringe upon the personal or proprietary rights of or give rise to any claim by any third party. Writer also represents and warrants that he/she has the full power to enter into this Agreement and this Agreement does not conflict with any other agreements that Writer has ertered.

**6.2.**    Writer will indemnify and hold Jungle harmless against any third party claims, actions, judgments, damages, costs and expenses (including reasonable attorneys fees) brought against or incurred by Jungle arising out of or in connection with (a) Writer s failure to obtain approval from subjects of such Article, or (b) for breach of any of the representations and warranties set out in Section 6.1 above, except to the extent that any such breach or violation arises directly from material, uses or revisions for which Jungle is responsible.

## 7.  GENERAL PROVISIONS.

**7.1.**    Relationship of Parties. The parties hereto shall each be independent contractors in the performance of their obligations under this Agreement, and nothing contained herein shall be deemed to constitute Writer as an employee or agent of Jungle, and Writer shall not claim any of the rights, privileges or benefits of an employee of Jungle. Writer is responsible for payment and withholding of all

income, employment and other taxes. Writer shall be solely responsible for all of Writer s actions and omissions in connection with the preparation of the Article, and Jungle shall have no liability to Writer or any third party in connection therewith.

7.2.    Assignment.  Writer may not assign or transfer, in whole or in part, any rights or obligations under this Agreement without the prior written consent of Jungle. Any assignment in violation of this provision is void and without effect.

7.3.    Modification/Waiver.  No modification of this Agreement shall be effected by either party s use of any order form, invoice, purchase order, acknowledgement, or other form containing additional or different terms. This Agreement may only be modified, or any right or obligation hereunder waived, by a written document signed by both parties.

7.4.    Governing Law.  This Agreement shall be governed by and construed under the laws of the State of New York, without regard to conflicts of laws provisions thereof. Any disagreements or disputes arising under this Agreement shall be exclusively resolved in state or federal courts located in New York, New York.

7.5.    Entire Agreement.  This Agreement constitutes the entire agreement between the parties relating to the subject matter of this Agreement and supersedes all proposals, negotiations, conversations, understandings, or discussions, whether written or oral, between parties relating to the subject matter of this Agreement and all past dealing or industry custom, except for written agreement signed by the Editor in Chief or an executive officer of Jungle making reference to this Agreement and the clause to be changed.

7.6.    Severability.  If any provision of this Agreement is held to be invalid, illegal or unenforceable in any respect, that provision shall be limited or eliminated to the minimum extent necessary so that this Agreement shall otherwise remain in full force and effect and enforceable.

7.7.    Counterparts.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

JUNGLE INTERACTIVE MEDIA, INC.          WRITER:

By:_____          By:_____

Name: Geoffrey Morris_____          Name: Russell Wild_____

Title Senior Editor_____

Date:_____ May 12, 2001_____

# Jungle Interactive Media, Inc.

Freelance Agreement

| | |
|---|---|
| **Writer: Russ Wild** | |
| **Address: 1493 Cedarwood Road** | |
| **Allentown, Pa 18104** | |
| **Phone:610-530-0078** | |
| **Social Security Number: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** | |
| **Subject: What B-School Didn t Teach Me** | |
| **Length: 2 items from well known people or companies** | |
| **Due Date: various** | |
| **Fee: $400** | |

**1. SUBJECT MATTER.**ˮˮThis Freelance Agreement ( Agreement ) is between Jungle Interactive Media, Inc., ( Jungle ) and the writer noted above ( Writer ) in respect of the preparation of an article on the subject matter and of the length noted above ( Article ). Writer will submit the Article to Jungle on or before the due date noted above ( Due Date ). If the Article is not submitted on or before the Due Date, Jungle may, at its option, immediately terminate this Agreement and have no obligation to Writer whatsoever.

**2. ACCEPTANCE.**ˮˮUpon receipt of the Article, Jungle may, if the writing or research of the Writer does not meet the expectations of the editor, request that Writer make revisions to the Article, or reject the Article. If Jungle rejects the Article, all rights in and to the Article will revert to Writer. Jungle s acceptance of an Article shall not require Jungle to use or otherwise publish the Article.

**3. PAYMENT.**ˮˮIf Jungle accepts the Article, Jungle will pay to Writer upon acceptance the fee noted above (the Fee ). If the Article is not accepted, Jungle will pay to Writer thirty-three percent (33%) of the Fee. The Fee constitutes full and complete payment for the rights granted in this Agreement. In order to receive reimbursement for any expenses Writer incurs in connection with the Article, Writer must (a) receive Jungle s prior permission for such expenses and (b) submit proper documentation of such expenses, as Jungle may reasonably require.

**4. GRANT OF RIGHTS.**

**4.1.**    Writer hereby grants to Jungle the following rights in the Article, throughout the world:

(a) The exclusive right to first publish the Article, both electronically and in print, which exclusivity lasts from the date of this Agreement until ninety (90) days beyond the first publication of the Article in either medium noted above, whichever is earlier ( Exclusivity Period ). Writer will not allow anyone else to publish or use the Article or any portions thereof or in any medium until after the expiration of the Exclusivity Period. If the article has not been published within one year of the signing of this contract, this contract shall be re-negotiated.

(b) The right to include all or portions of the Article in promotional and advertising materials of Jungle, on Jungle s web site or other electronic site, or in other materials that Jungle distributes or makes available without charge and to license Jungle s partners to reproduce and display the Article on such partners web sites or other electronic sites that are provided without charge.

(c) The right, for an amount equal to forty percent (40%) of the Fee, to republish the Article in any different printed publication; future edition; or as part of a collection, compendium or other

compilation; or to allow any partner to republish the Article in such partner s printed publications, provided such collection, compendium, or other compilation does not consist solely of Writer s work.

(d) The right to authorize the translation and republication of the Article in any non-English publication or web site for which Jungle will pay to Writer an additional sum in the amount of twenty percent (20%) of the proceeds that Jungle actually receives from the exploitation of any such reuse of the Article.

(e) The right to authorize republication of the Article in English-language publications or on third-party web sites, for which Jungle will pay Writer an additional sum in the amount of fifty percent (50%) of the proceeds actually received by Jungle from the exploitation of any such reuse of the Article.

(f) The right to revise, edit, modify, and check the accuracy of the Article, and Writer agrees to cooperate with Jungle in such process. To assist in accuracy checking and clearing potential legal issues, and as a condition to payment of the Fee, Writer agrees to provide Jungle with all supporting resource materials and assistance in contacting any subjects of the Article.

(g) The right to use Writer s name, likeness and biographical information in connection with the Article, and advertising and promoting the Article and Jungle.

**4.2.** Writer acknowledges and agrees that Jungle has the sole discretion to decide when, where, how, and in what medium to publish the Article.

## 5. RESTRICTIONS.

**5.1.** Writer is free to advertise, solicit business and contract to provide services to other persons and businesses. In addition to restrictions during the Exclusivity Period, Writer shall not authorize the use of the Article, at any time, in any publication, web site or other means of distribution by any business-oriented web site or print publication, without the prior written permission of the Editor in Chief.

**5.2.** On any subsequent grant of rights of any nature in the Article (including without limitation, reprint, movie and other derivative rights), Writer will include in any contract with the subsequent user an express requirement that the subsequent user credit Jungle as the original publisher of the Article. Such credit will appear in any subsequent reproduction of the Article.

## 6. WARRANTY/INDEMNITY.

**6.1.** Author represents and warrants that the Article (a) is Writer s original work, (b) is written solely by Writer (except for material in the public domain or used with the permission of the owner for which Writer has creditable documentation), (c) is accurate, (d) will not have been published previously in any form, (e) has not been previously sold, assigned, licensed, pledged or otherwise encumbered by Writer, and (f) will not infringe upon the personal or proprietary rights of or give rise to any claim by any third party. Writer also represents and warrants that he/she has the full power to enter into this Agreement and this Agreement does not conflict with any other agreements that Writer has entered.

**6.2.** Writer will indemnify and hold Jungle harmless against any third party claims, actions, judgments, damages, costs and expenses (including reasonable attorneys fees) brought against or incurred by Jungle arising out of or in connection with (a) Writer s failure to obtain approval from subjects of such Article, or (b) for breach of any of the representations and warranties set out in Section 6.1 above, except to the extent that any such breach or violation arises directly from material, uses or revisions for which Jungle is responsible.

## 7. GENERAL PROVISIONS.

**7.1.** Relationship of Parties. The parties hereto shall each be independent contractors in the performance of their obligations under this Agreement, and nothing contained herein shall be deemed to constitute Writer as an employee or agent of Jungle, and Writer shall not claim any of the rights, privileges or benefits of an employee of Jungle. Writer is responsible for payment and withholding of all

income, employment and other taxes. Writer shall be solely responsible for all of Writer s actions and omissions in connection with the preparation of the Article, and Jungle shall have no liability to Writer or any third party in connection therewith.

**7.2.**    Assignment.**Writer may not assign or transfer, in whole or in part, any rights or obligations under this Agreement without the prior written consent of Jungle. Any assignment in violation of this provision is void and without effect.

**7.3.**    Modification/Waiver.**No modification of this Agreement shall be effected by either party s use of any order form, invoice, purchase order, acknowledgement, or other form containing additional or different terms. This Agreement may only be modified, or any right or obligation hereunder waived, by a written document signed by both parties.

**7.4.**    Governing Law.**This Agreement shall be governed by and construed under the laws of the State of New York, without regard to conflicts of laws provisions thereof. Any disagreements or disputes arising under this Agreement shall be exclusively resolved in state or federal courts located in New York, New York.

**7.5.**    Entire Agreement.*This Agreement constitutes the entire agreement between the parties relating to the subject matter of this Agreement and supersedes all proposals, negotiations, conversations, understandings, or discussions, whether written or oral, between parties relating to the subject matter of this Agreement and all past dealing or industry custom, except for written agreement signed by the Editor in Chief or an executive officer of Jungle making reference to this Agreement and the clause to be changed.

**7.6.**    Severability.**If any provision of this Agreement is held to be invalid, illegal or unenforceable in any respect, that provision shall be limited or eliminated to the minimum extent necessary so that this Agreement shall otherwise remain in full force and effect and enforceable.

**7.7.**    Counterparts.**This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.


**JUNGLE INTERACTIVE MEDIA, INC.**          **WRITER:**

By:_____          By:_____

Name:___Geoffrey Morris_____          Name: Russell Wild_____

Title_____Senior Editor_____

Date:_____August 7, 2000_____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

RUSSELL WILD,                                      :
                                                   :
                    Plaintiff,                     :   Civ. A. No. 02-CV-5123-WY
                                                   :
          - against -                              :
                                                   :
JUNGLE MEDIA GROUP and JON J. HOUSMAN,  :
                                                   :
                    Defendants.                    :

**DECLARATION OF SERVICE OF JOHN F. BURLEIGH**

John F. Burleigh, pursuant to 28 U.S.C. § 1746, declares and says as follows:

On April 5, 2004, I served a copy of the within Answer and Counterclaim upon the attorneys for plaintiff, by mail, by causing an envelope containing said Answer and Counterclaim with appropriate postage affixed thereto addressed to Paul A. McGinley, Esq., Gross, McGinley, LaBarre & Eaton, LLP, 33 South Seventh Street, P.O. Box 4060, Allentown, PA 18105-4060, to be deposited in a receptacle designated for delivery of such mail by the United States Postal Service.

I swear under the penalties of perjury of the laws of United States that the foregoing is true and correct.

Dated: New York, New York
       April 5, 2004

John F. Burleigh